**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Charles YOUNG, Defendant–Appellant.**

**No. 90–3832.**

United States Court of Appeals, Eleventh Circuit.

Feb. 18, 1992.

William M. Kent, Asst. Federal Public Defender, Jacksonville, Fla., for plaintiff-appellant.

foster, *see id.* p. 1279. *See also supra* note 15    and accompanying text.

Kathleen A. O'Malley, Asst. U.S. Atty., Jacksonville, Fla., for defendant-appellee.

Before JOHNSON *, CLARK *, and PECK **, Senior Circuit Judges.

JOHNSON, Senior Circuit Judge:

This case arises on appeal from the district court's decision to award restitution pursuant to a plea agreement.

## I. STATEMENT OF THE CASE

Florida National Bank in Jacksonville, Florida employed Charles Young (Young) as manager and loan officer in 1985 and 1986. In that capacity, Young illegally granted and approved loans which otherwise would not have been made in return for payments from parties interested in the loans. Young approved at least thirty such loans during his tenure. The Presentence Investigation Report established that Florida National Bank documented losses of $1.5 million as a result of Young's improper loans.

On May 15, 1990, Young was charged in an information with two counts of accepting and receiving a commission or gift in connection with approval of a loan by a bank officer, in violation of 18 U.S.C.A. § 215(a) (West Supp.1991) (version prior to 1989 amendment). Young filed a written plea agreement with the court on June 22, 1990, in which he pled guilty to both counts of the information. The plea agreement (1) limited any sentence on Count Two to probation, (2) provided that the United States would not charge Young with any other offense arising out of his actions while he was an employee of Florida National Bank, and (3) stipulated that Young would be required to make restitution to Florida National Bank, with such restitution not "limited by reference to the two counts contained in the instant information."

On August 31, 1991, the district court sentenced Young to five years' imprisonment on Count One (the maximum allowable), five years' probation on Count Two, and restitution of $1.5 million to Florida National Bank. Young now appeals the sentence as illegal.

## II. DISCUSSION

Young argues that the district court was powerless to award the restitution stipulated in the plea agreement since the restitution was unrelated to losses caused by the offenses for which he was convicted. We agree.

This Court has recognized that effective after January 1, 1983, "the Victim and Witness Protection Act empower[ed] a court, 'for the first time, to order payment of restitution independently of a sentence of probation.'" *United States v. Barnette*, 800 F.2d 1558, 1571 (11th Cir.1986) (quoting S.Rep. No. 532, 97th Cong., 2d Sess. 30 (1982), *reprinted in* 1982 U.S.Code Cong. & Admin.News, 2515, 2536), *cert. denied*, 480 U.S. 935, 107 S.Ct. 1578, 94 L.Ed.2d 769 (1987); *see* Victim and Witness Protection Act of 1982 (VWPA), 18 U.S.C.A. §§ 3663, 3664 (1990 & Supp.1991). With one recent exception discussed below, the VWPA authorizes courts to order restitution only for offenses for which the defendant has been convicted. *Hughey v. United States*, 495 U.S. 411, 110 S.Ct. 1979, 1982–83, 1984, 109 L.Ed.2d 408 (1990). A court therefore exceeds the scope of its authority under the VWPA when it orders restitution for uncharged offenses. *Id.* at 420, 110 S.Ct. at 1984 ("conduct underlying the offense of conviction establishes the outer limits of a restitution order"); *see also United States v. Barnette*, 800 F.2d at 1571. A court may not authorize restitution even for like acts significantly related to the crime of conviction. *Hughey*, 495 U.S. at 415, 110 S.Ct. at 1982 n. 2, 1984.

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable John W. Peck, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

A court is similarly constrained when it accepts plea bargains. Although a bargained plea will reduce the potential recovery of victims by limiting the number and sometimes severity of the crimes admitted, "[n]othing in the statute suggests that Congress intended to exempt victims of crime from the effects of [the] bargaining process." *Id.* at 421, 110 S.Ct. at 1985.

The government argues that *Hughey* and *Barnette* are inapposite because neither *Hughey* nor *Barnette* involved an agreement under which the defendant would remain liable for additional restitution. The government construes these cases too narrowly.

■ Except as a condition of probation,[1] the sentencing judge may authorize restitution only under the VWPA. The relevant version of the VWPA, in turn, limits restitution to only those crimes for which the defendant has been convicted. *Hughey,* 495 U.S. at 419–20, 110 S.Ct. at 1984; *Barnette,* 800 F.2d at 1571; *see* Victim and Witness Protection Act of 1982, 18 U.S.C. § 3663 (1990), *amended by* 18 U.S.C.A. § 3663(a) (Supp.1991). Only recently has Congress specifically empowered courts to order restitution "to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a) (Supp.1991) (amending 18 U.S.C.A. § 3663 (1990)); *see also* H.Rep. No. 681(I), 101st Cong., 2d sess. 177 (1990), *reprinted in* 1990 U.S.Code Cong. & Admin.News, 6472, 6583 (amendment *"permit[s]* the court to order restitution to the extent that the parties have agreed to restitution in a plea agreement." (emphasis added)). Parties to a plea agreement cannot increase the statutory powers of the sentencing judge to authorize restitution simply by stipulating to restitution beyond that allowed under the relevant version of the Act. *Accord, United States v. Snider,* 945 F.2d 1108, 1110–12 (9th Cir.1991).[2]

■ Although we agree with Young that he is not liable for restitution unrelated to the offenses for which he was convicted, we reject Young's suggestion that we merely vacate the illegal portion of the sentence. "Sentencing on a multi-count conviction is an interrelated and intertwined process" which requires the sentencing judge to craft a "sentence scheme which takes into consideration the total offense characteristics of the defendant's behavior." *United States v. Lail,* 814 F.2d 1529, 1529–30 (11th Cir.1987) (quoting *United States v. Rosen,* 764 F.2d 763, 767 (11th Cir.1985), *cert. denied,* 474 U.S. 1061, 106 S.Ct. 806, 88 L.Ed.2d 781 (1986)); *see United States v. Alvarez–Moreno,* 874 F.2d 1402, 1414 (11th Cir.1989), *cert. denied,* 494 U.S. 1032, 110 S.Ct. 1484, 108 L.Ed.2d 620 (1990). Because the plea agreement formed the basis for the sentence, the agreement plainly reflects the district court's intent in creating a sentencing plan. The plea agreement essentially reduced the period of incarceration in return for Young's promise to make greater restitution. The illegal order for restitution, then, represented only a component of the sentencing court's balance of sanctions. Since the district court on remand will lack the authority to order significant restitution, it should feel free to restructure its sentences on the two counts of bribery in order to approximate its intention for the original sentence. *See United States v. Curry,* 902 F.2d 912, 917 (11th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 973, 112 L.Ed.2d 1059 (1991); *United States v. Alvarez–Moreno,* 874 F.2d 1402, 1414 (11th Cir.1989). Having promised that he would repay any amount deemed appropriate "in order to induce sentencing leniency, [Young should] not retain the resulting benefits while retracting the undertaking on which the sentencing court has relied." *United States v. Berrios,* 869 F.2d 25, 33

---

1. *See* Probation Act, 18 U.S.C.A. § 3651 (1985).

2. We join the Ninth Circuit in rejecting the opposite position taken by the Eighth Circuit in *United States v. Marsh,* 932 F.2d 710, 712–13 (8th Cir.1991). The *Marsh* Court declares, without legal support, that a plea agreement may provide a basis for awarding restitution in an amount greater than the loss relating to the offense of conviction. *Id.* at 712–13. As discussed above, this position misapprehends the power of a sentencing court to order restitution outside of the VWPA, and ignores the limitations of the VWPA as articulated by the Supreme Court in *Hughey.*

(2d Cir.1989).[3]

## III.  CONCLUSION

For the reasons set forth above, we RE-MAND this case to the district court for resentencing.

---

**3.**  The prospect of an increased term of incarceration does not implicate double jeopardy concerns.  *See Bozza v. United States,* 330 U.S. 160, 165–67, 67 S.Ct. 645, 648–49, 91 L.Ed. 818 (1947) (court may correct illegal sentence by increasing it to statutorily required level).  Resentencing violates the double jeopardy clause only when it disrupts the defendant's legitimate expectations of finality.  *See Pennsylvania v. Goldhammer,* 474 U.S. 28, 30, 106 S.Ct. 353, 354, 88 L.Ed.2d 183 (1985).  Through his plea agreement, Young was fully aware of the interrelationship of the components of his sentence. Young thus cannot claim a legitimate expectation of finality in his term of incarceration merely because he challenged only the order for restitution.  *See United States v. Bentley,* 850 F.2d 327 (7th Cir.1988) *cert. denied,* 488 U.S. 970, 109 S.Ct. 501, 102 L.Ed.2d 537 (1988) (no double jeopardy concerns when modifying entire sentencing package after successful challenge of only one aspect of sentence), *c.f. United States v. Curry,* 902 F.2d at 917–18 (no double jeopardy concerns in context of resentencing after a direct appeal of both conviction and sentence).  Young might legitimately anticipate only that he will receive a new sentencing package that conforms to the district court's original sentencing intent.  *Accord, United States v. Shue,* 825 F.2d 1111, 1115 (7th Cir.1987), *cert. denied,* 484 U.S. 956, 108 S.Ct. 351, 98 L.Ed.2d 376 (1987).