UNITED STATES of America,
Plaintiff–Appellee,

v.

Kevin Deneal COBBS, Defendant–
Appellant.

No. 90–8556.

United States Court of Appeals,
Eleventh Circuit.

Aug. 10, 1992.

Lynn Fant, Federal Defender Program, Inc., Atlanta, Ga., for defendant-appellant.

William R. Harper, III, Bryan J. Farrell, Asst. U.S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before COX, Circuit Judge, CLARK *, and WELLFORD **, Senior Circuit Judges.

PER CURIAM:

Kevin Deneal Cobbs pleaded guilty to several offenses involving unauthorized access devices. In this appeal, Cobbs challenges the district court's order directing him to pay restitution. For the reasons stated below, we vacate and remand.

## I. BACKGROUND

In January 1990 a federal grand jury in the Northern District of Georgia returned a nineteen count indictment against Cobbs. Count I charged Cobbs with attempting to fraudulently obtain money through the unauthorized use of an access device in violation of 18 U.S.C. § 1029(a)(2) and (b)(1). Count II alleged that from approximately November 22, 1989 to January 3, 1990, Cobbs used an unauthorized American Express Card in the name of Sterling Ward to fraudulently obtain $1516.00 in cash and other valuables in violation of 18 U.S.C. § 1029(a)(2). Count III charged that "[o]n or about the 9th day of January 1990, ... Cobbs, did, knowingly and with the intent to defraud, possess eighty-nine (89) unauthorized access devices, which offense affected interstate commerce," in violation of 18 U.S.C. § 1029(a)(3). Counts IV through XIX charged Cobbs with the use of various unauthorized access devices on numerous dates from approximately July 1986 through January 1990 in violation of 18 U.S.C. § 1029(a)(2).

Cobbs pleaded guilty to Counts I, II, and III. He was sentenced to 24 months imprisonment on each count to run concurrently and to be followed by three years of supervised release. The district court further ordered Cobbs to pay restitution in the amount of $54,702.00, which represents the total loss caused by all of the fraudulent activities charged in the indictment.

Cobbs appeals the district court's order of restitution, arguing that the district court (1) abused its discretion by ordering him to pay restitution in an amount he cannot possibly afford to pay, and (2) exceeded its authority by imposing restitution in an amount that exceeds the loss attributable to the counts to which he pleaded guilty.

## II. ISSUE ON APPEAL

Whether the district court erred by ordering Cobbs to pay restitution in an amount greater than the loss attributable to the counts to which he pleaded guilty.[1]

## III. STANDARD OF REVIEW

■ This court reviews the legality of a criminal sentence, including an order of restitution, *de novo.* *United States v. Stone,* 948 F.2d 700, 702 (11th Cir.1991).

## IV. CONTENTIONS OF THE PARTIES

Cobbs contends that because he pleaded guilty to, and was convicted of, only those offenses charged in the first three counts of the indictment, the district court exceeded its authority in ordering restitution in an amount equal to the total loss attributable to all of the offenses charged in the indictment. Cobbs argues that the Supreme Court's opinion in *Hughey v. United States,* 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990), and this court's decisions in *United States v. Stone,* 948 F.2d 700 (11th Cir.1991) and *United States v. Young,* 953 F.2d 1288 (11th Cir.1992), pro-

---

\* See Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

\*\* Honorable Harry W. Wellford, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

1. Cobbs's argument concerning his ability to pay the amount of restitution ordered by the district court warrants no discussion in light of our disposition of the other issue presented.

hibit the district court from ordering restitution beyond the losses attributable to the offenses to which he pleaded guilty.

The Government first contends that Cobbs has waived this argument because he failed to raise the issue prior to appeal. Consistent with this court's opinion in *United States v. Jones*, 899 F.2d 1097, 1102–03 (11th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), the Government argues, Cobbs was given ample opportunity to object to the district court's order of restitution under *Hughey* but failed to do so, thus waiving this objection.

Next, the Government argues that even if Cobbs did not waive this objection, the *Hughey* line of cases is inapposite because those cases involve situations in which courts have imposed restitution on the basis of counts that were either dismissed or uncharged. Here, the Government contends, all of the losses charged in the indictment arose from the unauthorized use of the devices referred to in Count III. Thus, the district court's order of restitution is supported by the offenses of conviction. The Government further argues that the VWPA authorizes the court to order the defendant to make restitution to "any victim" of the offense of conviction and that the term victim should be interpreted broadly to include anyone suffering injury as a result of the offense. Because the victims identified in the indictment suffered losses as a result of Cobbs's possession of the access devices, and because the VWPA is intended to have broad remedial effect, the Government contends that the district court's order of restitution should be affirmed.

## V. DISCUSSION

### A. Waiver

In *United States v. Jones*, 899 F.2d 1097, 1102–03 (11th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), this court held that, after imposing sentence, the district court should elicit fully articulated objections to the sentence and to the sentencing process. After having been given this opportunity, any objections not fully and specifically articulated by the parties would be deemed waived and not entertained by this court "unless refusal to do so would result in manifest injustice." *Jones*, 899 F.2d at 1103. The Government argues that Cobbs was given the opportunity to object and failed to object on the basis of *Hughey*. Therefore, the Government contends, Cobbs waived that ground of objection. We disagree.

Although we recognize the general rule stated in *Jones*, that case does not preclude review of an issue if there is plain error. *See United States v. Webb*, 943 F.2d 43 (11th Cir.1991). "Even in the absence of an objection ... we may notice on appeal 'plain errors' or errors 'affecting substantial rights' of the accused." *United States v. Lippner*, 676 F.2d 456, 467 n. 16 (11th Cir.1982) (quoting Fed.R.Crim.P. 52(b)). It is said that the imposition of an illegal sentence constitutes plain error. *Lippner*, 676 F.2d at 467–68 n. 16. But to describe a sentence as "illegal" does not serve to distinguish the kinds of sentencing issues that are subject to review under the plain error doctrine from those that are not reviewable in the absence of an appropriate objection. All sentences imposed contrary to law are in a sense "illegal."

In *Lippner*, the sentencing court had enhanced a sentence under a recidivist statute based upon consideration of prior convictions that were not final because they were on appeal. The resulting sentence, being one in excess of the maximum authorized by statute but for application of the recidivist statute, was held to be an illegal sentence subject to review under the plain error doctrine.

In *United States v. Young*, 953 F.2d 1288 (11th Cir.1992), the district court had awarded restitution unrelated to losses caused by the offenses of which the defendant had been convicted. This portion of the sentence was described as illegal and beyond the statutory powers of the sentencing judge notwithstanding the fact that

the defendant had explicitly agreed, as a part of his plea bargain, that he would make restitution "not limited by reference to the two counts contained in the instant information." *Id.* at 1289.[2]

The Tenth Circuit has held that an order of restitution encompassing losses stemming from offenses other than the offense of conviction is unauthorized and constitutes "plain error." *United States v. Wainwright,* 938 F.2d 1096, 1098 (10th Cir. 1991) (citing *United States v. Vance,* 868 F.2d 1167, 1168–69 (10th Cir.1989)).

■ Our review of these cases suggests that the kinds of "illegal" sentences subject to review as plain error include sentences that are beyond the statutory power of the court to impose. We need not undertake to define all such "illegal" sentences in this case. We simply hold that if a court orders restitution beyond that authorized by the Victim and Witness Protection Act (VWPA), 18 U.S.C. §§ 3663 and 3664 (formerly codified at 18 U.S.C. §§ 3579 and 3580), the resulting sentence is an illegal sentence subject to review as plain error. Therefore, if the district court imposed an illegal sentence in its restitution order by requiring restitution beyond that authorized by statute, Cobbs is entitled to relief notwithstanding his failure to object at sentencing.

## B. *Restitution*

■ The restitution provisions of the VWPA provided at the time of Cobbs's sentencing hearing that the district court, when sentencing defendants convicted of certain offenses could order "in addition to, or in the case of a misdemeanor, in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of such offense." 18 U.S.C.A. § 3663(a)(1) (West 1992). Section 3664 of the VWPA states that "[t]he court, in determining whether to order restitution ...

and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C.A. § 3664(a) (West 1992).

In *Hughey v. United States,* 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990), the Supreme Court interpreted the VWPA to limit the district court's authority to order restitution. Specifically, the Court held that the "language and structure of the Act make plain Congress's intent to authorize an award of restitution only for the loss caused by the specific conduct that is the basis of the offense of conviction." *Id.* at 413 (footnote omitted), 110 S.Ct. at 1981. In addition, the Court stated that "the loss caused by the conduct underlying the offense of conviction establishes the outer limits of a restitution order." *Id,* at 420, 110 S.Ct. at 1984. Recently, this court dealt with issues concerning restitution under the VWPA and echoed the language of the Supreme Court. *See United States v. Stone,* 948 F.2d 700, 704 (11th Cir.1991) ("[A] restitution order under the VWPA may not exceed the loss attributable to the specific conduct that is the basis of the offense of conviction."); *Young,* 953 F.2d at 1289 ("A court may not authorize restitution even for like acts significantly related to the crime of conviction.")

Here, in addition to one count of attempted use of an unauthorized access device and one count of using an access device to obtain cash and valuables totalling $1516.00, Cobbs pleaded guilty to possessing 89 unauthorized access devices. The Government contends that conviction on this possession count (Count III) supports the district court's award of restitution. The Government argues that *Hughey,* *Stone,* and *Young* are inapposite and that

---

2. The statute has since been amended to permit such plea bargains. *See* 18 U.S.C. § 3663(a)

(Supp.1991); *Young,* 953 F.2d at 1290.

this case should be considered in light of two Sixth Circuit cases. In *United States v. Durham,* 755 F.2d 511 (6th Cir.1985) and *United States v. Mounts,* 793 F.2d 125 (6th Cir.), *cert. denied,* 479 U.S. 1019, 107 S.Ct. 673, 93 L.Ed.2d 724 (1986), the Sixth Circuit held that the term "victim" as used in the VWPA should be interpreted to allow an order of restitution to anyone suffering "injury *as a result of* the defendant's actions that surrounded the commission of the offense" of conviction. *Durham,* 755 F.2d at 513, *Mounts,* 793 F.2d at 127 (quoting *Durham* ) (emphasis added). The Government contends that the broad interpretation enunciated in these cases supports a decision in its favor. However, following the Supreme Court's decision in *Hughey,* the Sixth Circuit held that the Supreme Court "explicitly repudiated [*Durham's* broad interpretation of the VWPA], finding its narrow reading of the Act more consistent than ... one that permits an open-ended inquiry into losses resulting from the defendant's related course of conduct or from acts that had a significant connection to the act for which conviction was had." *United States v. Clark,* 957 F.2d 248, 253 (6th Cir.1992) (quotation marks & citations omitted). Thus, the Government's argument based on *Durham* and *Mounts* is not persuasive.

■ Consistent with the Supreme Court's decision in *Hughey* and this court's decisions in *Stone* and *Young,* we hold that the district court is authorized to order restitution only for the loss caused by the specific conduct underlying the offense of conviction. We hold that the possession count to which Cobbs pleaded guilty will not support the district court's order of restitution because there was no loss caused by his mere possession of the access devices. It was only Cobbs's *use* of the devices that resulted in loss to the victims.

Of the three counts to which Cobbs pleaded guilty, the only offense that resulted in a loss is the one charged in Count II; that offense resulted in a $1516.00 loss to MBank. Therefore, $1516.00 is the limit of the restitution award that may be ordered by the district court.

## VI.  CONCLUSION

Since "[t]he illegal order for restitution ... represented only a component of the sentencing court's balance of sanctions," *Young,* 953 F.2d at 1290, the entire sentence is vacated and the case is remanded for resentencing.

VACATED and REMANDED.