UNITED STATES of America,
Plaintiff–Appellee,

v.

Noel FUENTES, Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose GALVEZ, Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Jessie COLON, Defendant–Appellant.

Nos. 91–5657, 91–5774 and 91–5795.

United States Court of Appeals,
Eleventh Circuit.

May 26, 1993.

Glenn B. Kritzer, Miami, FL, Eric Cohen, Jill Traina, Coral Gables, FL, and Miguel Caridad, Asst. Federal Public Defender, Miami, FL, for defendants-appellants.

Dexter Lehtinen, U.S. Atty., Kathleen M. Salyer, Linda Collins Hertz and William Healy, Miami, FL, for plaintiff-appellee.

Before ANDERSON and EDMONDSON, Circuit Judges, and DYER, Senior Circuit Judge.

PER CURIAM:

Appellants Noel Fuentes, Jessie Colon, and Jose Galvez were indicted for various credit card offenses. Fuentes and Colon pled guilty to conspiracy to traffic in and to use unauthorized credit cards in violation of 18 U.S.C. § 371. Galvez pled guilty to one count of using an unauthorized credit card in violation of 18 U.S.C. §§ 1029, 2.

The district court sentenced all three defendants to serve prison terms and ordered them to pay special assessments. The district court also ordered Fuentes to pay $4,982 and Galvez to pay $4,974.20 in restitution. We vacate and remand for Fuentes, affirm for Colon, and vacate in part for Galvez.

### I. Fuentes

■ Fuentes argues the district court erred by basing his offense level on co-conspirator conduct that was not reasonably foreseeable. The government responds that Fuentes could be held responsible at sentencing for all co-conspirator acts committed in furtherance of the conspiracy, regardless of whether or not those acts were reasonably foreseeable. We review this question about the proper interpretation of the Guidelines de novo. *See United States v. Odedina*, 980 F.2d 705, 706 (11th Cir.1993).

A defendant can be held responsible for "all acts or omissions committed or aided and abetted by the defendant, or for which the defendant would be otherwise accountable." U.S.S.G. § 1B1.3(a) (1991). Conduct for which the defendant is "otherwise accountable" includes the "conduct of others taken in furtherance ... of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant." *Id.* at comment. (n. 1). In interpreting these provisions, we have held that a conspiracy defendant can only be sentenced for co-conspirator acts that are committed in furtherance of the conspiracy *and* are reasonably foreseeable. *See United States v. Andrews*, 953 F.2d 1312, 1319 (11th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 3048, 120 L.Ed.2d 915 (1992); *United States v.*

*Clavis,* 956 F.2d 1079, 1097 (11th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 2979, 119 L.Ed.2d 597 *and modified on other grounds,* 977 F.2d 538 (1992), *and cert. denied,* — U.S. —, 113 S.Ct. 1619, 123 L.Ed.2d 178 (1993).[1]

Fuentes's role in the conspiracy is undisputed. Fuentes joined the conspiracy on January 30, 1991, when he bought two stolen credit cards from an undercover agent and used them to buy $4,982 of merchandise. One week earlier, a co-conspirator, Randall Jiminez, had also bought a stolen credit card and charged $2,725.24 on it.

At sentencing, both parties agreed that Jiminez's conduct was not reasonably foreseeable to Fuentes. But the district court mistakenly thought that Jiminez's conduct could still be counted against Fuentes because it was in furtherance of the conspiracy. This improper use of Jiminez's conduct raised the base offense level by increasing the amount of loss and the number of victims. *See* U.S.S.G. §§ 2F1.1(b)(1)(D) & (b)(2). Because the district court erred in holding Fuentes responsible for co-conspirator acts that were not reasonably foreseeable, we vacate Fuentes's sentence and remand for resentencing.[2]

### II. Colon

■ Colon argues the district court erred by basing his offense level on losses caused by Jiminez that were not reasonably foreseeable. The government argues that Colon could have reasonably foreseen Jiminez's acts. This dispute is factual and we review it under the clearly erroneous standard. *United States v. Weaver,* 920 F.2d 1570, 1573 (11th Cir.1991).

---

**1.** The government relies on *United States v. LaFraugh,* 893 F.2d 314 (11th Cir.), *cert. denied,* 496 U.S. 911, 110 S.Ct. 2601, 110 L.Ed.2d 281 (1990), and *United States v. Rayborn,* 957 F.2d 841 (11th Cir.1992), to argue that a defendant can be held responsible for co-conspirator conduct that is not reasonably foreseeable. In both *LaFraugh* and *Rayborn,* we held that the sentencing court properly considered certain co-conspirator losses. *LaFraugh,* 893 F.2d at 317; *Rayborn,* 957 F.2d at 844. Although we made no mention of reasonable foreseeability in either case, no party

seems to have raised the issue. Also, in *LaFraugh,* we were examining an earlier version of section 1B1.3 that did not mention reasonable foreseeability. Thus, neither case supports the government's position.

**2.** The government advanced for the first time at oral argument that Jiminez's conduct was, in fact, reasonably foreseeable to Fuentes. We do not address this claim because it was never presented to the district court.

Colon entered the conspiracy on January 24, 1991, when he and Jiminez met an undercover agent. In Colon's presence, Jiminez bought a stolen credit card from the agent. Later Jiminez charged $2,725.24 on the card. At sentencing, the district court found that Colon could have reasonably foreseen that Jiminez would use the stolen credit card. Because this finding was not clearly erroneous, the district court properly counted Jiminez's conduct against Colon.

Colon also argues the district court improperly counted a juvenile commitment in Colon's criminal history score. Under U.S.S.G. § 4A1.2(d)(2), the defendant's criminal history score must take into account each "juvenile sentence to confinement of at least sixty days." In considering the length of a juvenile sentence, the court should look to the "stated maximum sentence"—that is, the length of the sentence pronounced, not the amount of time actually served. *Id.* at comment. (n. 2).

At age 14, Colon was committed to the custody of the Florida Department of Health and Rehabilitative Services (HRS) until his 18th birthday. While he was in HRS's custody, he served more than 60 days in a juvenile confinement center for car theft. Colon argues that his commitment to HRS was not a "sentence" because imprisonment was not specified. Also, because he was committed to HRS indefinitely, he says he never received a "stated maximum" sentence of more than sixty days.

Colon's claims are meritless. Section 4A1.2(d)(2) applies because, as Colon conceded at sentencing, he did in fact serve more than sixty days of involuntary confinement for the car theft. The sentence actually pronounced on him for the car theft may have been even longer; but we know he must have been sentenced to at least sixty-plus days. The district court properly considered the juvenile sentence.

### III. Galvez

Galvez argues that the district court erred in ordering restitution in excess of the actual losses caused by the offense for which Galvez was convicted. The government concedes that the restitution should be reduced by $2,120 because the district court ordered Galvez to pay for losses not caused by the offense of conviction. *See, e.g., Hughey v. United States,* 495 U.S. 411, 418, 110 S.Ct. 1979, 1984, 109 L.Ed.2d 408 (1990); *United States v. Young,* 953 F.2d 1288, 1289 (11th Cir.1992); *United States v. Cobbs,* 967 F.2d 1555, 1558–59 (11th Cir.1992). Relying on the government's concession, we vacate the restitution order in part by subtracting $2,120 from the amount of restitution ordered.[3]

---

**3.** Because Galvez received the maximum sentence in the range, we can vacate the disputed part of the restitution order without remanding for resentencing. *Cf. Young,* 953 F.2d at 1290 (where plea agreement reduced jail time in exchange for more restitution, appeals court must remand for resentencing, rather than just vacating illegal part of restitution order).