15 F.3d 1093
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Nathan PABLO, Defendant-Appellant.
 No. 93-10346.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.*
Decided Jan. 11, 1994.
 
 Before: REINHARDT, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Nathan Pablo appeals from a district court sentence ordering him to pay restitution pursuant to the Victim Witness Protection Act, 18 U.S.C. Sec. 3664(a). We affirm.
 
 DISCUSSION
 
 3
 The district court, in sentencing Pablo for kidnapping in violation of 18 U.S.C. Sec. 1201, ordered Pablo to pay the victim $25.00 per month during his incarceration and supervised release, a combined period of 136 months. Pablo made no objection to this order of restitution at the time it was imposed. Accordingly, we review for plain error. Fed.R.Crim.P. 52(a).
 
 
 4
 The Supreme Court recently circumscribed the bounds of the plain error rule in United States v. Olano, 113 S.Ct. 1770, 1776-79 (1993). First, there must be an actual error, not just a waiver of rights. Id. at 1777. Second, the error must be plain, or obvious under current law. Id. Third, and most germaine to this appeal, the error must "affect substantial rights." Id. at 1778. This means that the error actually affected the outcome of the case. The appellant, not the government bears the burden of showing on appeal that the error was in fact prejudicial. Id.
 
 
 5
 Pablo contends the district court erred by not requiring the government to establish by a preponderance of the evidence the amount of loss sustained by the victim as a result of the offense. Pablo is correct in this assertion. The Victim Witness Protection Act clearly states that the government bears the burden of showing the amount of the victim's loss and that such a showing is a prerequisite to an order of restitution. 18 U.S.C. Sec. 3664. This error satisfies the first two requirements of Olano.
 
 
 6
 Pablo's appeal fails, however, to meet the third requirement of Olano: he has not shown that the error was in fact prejudicial. On the contrary, the amount of restitution ordered, $25.00 per month, seems reasonable in light of the victim's need to travel to receive therapy. The district court's failure to follow the procedural requirements of the Victim Witness Protection Act was not plain error under Olano.
 
 
 7
 Appellant's reliance on United States v. Cobbs, 967 F.2d 1555 (11th Cir.1992), is misplaced. In Cobbs the district court had ordered restitution based on conduct other than the offense to which Cobbs pled guilty. Id. at 1558. The Victim Witness Protection Act does not apply to such collateral conduct, so the restitution order was "beyond the statutory power of the court to impose." Id. There was no way that the sentence of restitution could have been proper. In contrast to the order in Cobbs, the order here appears reasonable based on the record. Pablo has not carried his burden of proving to the contrary. Accordingly, we hold the district court's error was not plain error. The sentence of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a), 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3