United States Court of Appeals,

Eleventh Circuit.

No. 94-6751.

UNITED STATES of America, Plaintiff-Appellee,

v.

William Michael SCHRIMSHER, Defendant-Appellant.

July 14, 1995.

Appeal from the United States District Court for the Northern District of Alabama. (No. CR-93-PT-263-NE), Robert B. Propst, Judge.

*ON PETITION FOR REHEARING*

Before TJOFLAT, Chief Judge, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

The 1990 amendment to the Victim and Witness Protection Act (the "VWPA") provides, in pertinent part, that a sentencing judge may order restitution "to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3) (Supp. V 1993). In this case, pursuant to a written plea agreement, appellant William Michael Schrimsher pleaded guilty on May 10, 1994, to one count charging him with possession of a stolen motor vehicle in violation of 18 U.S.C. § 2313 (1988 & Supp. V 1993). The plea agreement stated that the court "must/may consider ordering restitution"; the agreement, however, did not indicate the amount of the restitution. Schrimsher appeals the district court's restitution order, asserting that the sentencing judge violated the VWPA by ordering Schrimsher to pay restitution in excess of the amount contemplated by the plea agreement. We find that, by his own admission, Schrimsher agreed to the full amount of the restitution

ordered by the sentencing judge and, therefore, affirm.

## I.

At the time of his arrest on February 28, 1994, Schrimsher possessed three stolen motor vehicles, including the vehicle that formed the basis of the single substantive count to which he later pleaded guilty; each of the three vehicles became the subject of separate counts in an indictment charging Schrimsher with multiple violations of section 2313. At the sentencing hearing on July 14, 1994, the court, after announcing that it would order restitution pursuant to the plea agreement, sought to determine the amount of restitution the parties contemplated when they entered into that agreement. Counsel for Schrimsher advised the court that although "the plea agreement does not set out specifically that [Schrimsher] will agree to restitution [for the] three automobiles ... we represented by stipulation [that Schrimsher] knew the cars were stolen ... and he had the three cars so he is responsible for them." When further questioned by the court as to the extent of the plea agreement, defense counsel continued to insist: "We take responsibility for those three."

## II.

Prior to congressional amendment of the VWPA in 1990, the Supreme Court determined that the Act permitted a sentencing judge to order restitution "only for the loss caused by the specific conduct that is the basis of the offense of conviction." *Hughey v. U.S.,* 495 U.S. 411, 413, 110 S.Ct. 1979, 1981, 109 L.Ed.2d 408 (1990). After *Hughey,* courts were in disagreement as to the effect of a plea agreement that called for restitution in an amount

greater than the loss directly arising from the offense of conviction. *Compare United States v. Young,* 953 F.2d 1288, 1290 (11th Cir.1992) ("Parties to a plea agreement cannot increase the statutory powers of the sentencing judge to authorize restitution simply by stipulating to restitution beyond that allowed under the relevant version of the Act.") *with United States v. Soderling,* 970 F.2d 529, 533 (9th Cir.1992) (per curiam) ("[I]f the [Federal Probation Act] allows restitution beyond the offense of conviction when the defendant agrees to such in a plea agreement, so too does the VWPA."), *cert. denied,* --- U.S. ----, 113 S.Ct. 2446, 124 L.Ed.2d 663 (1993).

On November 29, 1990, in response to *Hughey,* Congress amended the VWPA and added a provision, section 3663(a)(3), authorizing a sentencing judge to award restitution commensurate with the terms of a plea agreement. Subsequently, the courts of appeals have uniformly held that the amendment does not contravene the limitations placed on the sentencing judge by the Supreme Court in *Hughey. See, e.g., United States v. Silkowski,* 32 F.3d 682, 688–89 (2d Cir.1994); *United States v. Jewett,* 978 F.2d 248, 253 (6th Cir.1992); *United States v. Arnold,* 947 F.2d 1236, 1237–38 (5th Cir.1991) (per curiam). *See also United States v. Turcks,* 41 F.3d 893, 902 n. 12 (3d Cir.1994) (recognizing the effect of the amendment). We join these circuits and hold that the 1990 amendment to the VWPA gives the sentencing judge discretion to order restitution in an amount greater than the loss relating to the offense of conviction when the parties have assented to such restitution in a plea agreement.

III.

We now must determine what effect, if any, defense counsel's admission at the sentencing hearing that Schrimsher accepted restitutory responsibility for the three vehicles has on the interpretation and operation of a plea agreement otherwise silent as to the amount of restitution. At the hearing, defense counsel gave the following unambiguous account of the negotiations surrounding the plea agreement: "[W]e represented by stipulation [that Schrimsher] knew the cars were stolen ... and he had the three cars so he is responsible for them." This statement is a clear admission by Schrimsher that, as part of the plea agreement, he effectively conceded, indeed stipulated, that the court could order restitution for the three vehicles in question. Accordingly, Schrimsher's argument on appeal that the court lacked the authority under section 3663(a)(3) to order restitution for the vehicles is without merit. Furthermore, even if the argument had merit, Schrimsher waived the point by inviting the court to order the restitution he now contests.

Given that there is no reason to remand the case for additional proceedings on the issue of restitution, the judgment of the district court is AFFIRMED in full.

IT IS SO ORDERED.