United States Court of Appeals,

Eleventh Circuit.

No. 94-6751

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

William Michael SCHRIMSHER, Defendant-Appellant.

April 20, 1995.

Appeal from the United States District Court for the Northern District of Alabama. (No. CR-93-PT-263-NE), Robert B. Propst, Judge.

Before TJOFLAT, Chief Judge, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Appellant challenges the sentences he received following a plea of guilty to a charge of interstate transportation of a motor vehicle. He presents three claims of error. We reject the first two—dealing with the district court's calculation of the loss caused by appellant's criminal activity and its treatment of appellant's possession of two stolen vehicles (not cited as part of the offense of conviction) as relevant conduct—because the findings of fact on which the district court based its decision are not clearly erroneous.

Appellant's third claim, however, has merit. In its order requiring appellant to make restitution, the district court made provision for the two vehicles not included in the offense of conviction. The court was authorized to do that, under the 1990 amendment of the Victim and Witness Protection Act, 18 U.S.C. §§ 3663-3664, "to the extent agreed to by the parties in a plea

agreement." *United States v. Young,* 953 F.2d 1288, 1289 (11th Cir.1992); 18 U.S.C. § 3663(a). In this case, the parties' plea agreement only provided that "[t]he court must/may consider ordering restitution." The agreement did not *require* restitution; nor did it specify the amount of any restitution that might be ordered. Accordingly, the court was authorized only to order restitution for the vehicle involved in the offense of conviction, to-wit: a 1993 Toyota 4-Runner.

In sum, we reject appellant's first two challenges to his sentence; given the clear merit of his third challenge, however, we vacate the district court's restitution order and remand the case for reconsideration of the amount of restitution appellant should be required to make for the loss of the 1993 Toyota 4-Runner.

AFFIRMED, in part; VACATED, in part, and REMANDED.