UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4458

STERLING HARDY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-92-68)

Submitted: December 16, 1997

Decided: January 26, 1998

Before ERVIN and NIEMEYER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Jeffrey L. Everhart, RICE & EVERHART, Richmond, Virginia, for
Appellant. Nicholas S. Altimari, UNITED STATES ATTORNEY'S
OFFICE, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Sterling Hardy pled guilty to conspiracy to distribute cocaine, violent crimes in aid of racketeering, aiding and abetting, and use of a firearm in relation to a crime of violence or a drug trafficking crime. Hardy was sentenced to a term of 360 months imprisonment followed by five years supervised release; however, after granting the Government's motion for a sentence reduction based on substantial assistance,[1] the district court reduced Hardy's sentence to thirty-six months on all counts to run concurrently. Hardy completed the imprisonment term and began serving his supervised release.

While on supervised release, Hardy was charged with assault and petty larceny. The facts surrounding these offenses involved a domestic dispute with Hardy's former fiance, Iris Weathers. Although the criminal charges were not prosecuted because Weathers did not appear to testify, Hardy's probation officer reported the offenses to the district court and revocation proceedings were commenced.

During the revocation hearing, the district court heard testimony from Weathers and her sister as they recounted several instances of Hardy's assaulting Weathers and one occasion of his taking her purse. The district court found the testimony of Weathers and her sister more credible than that of Hardy, who denied striking Weathers or stealing her purse.[2] Consequently, the district court found that Hardy's actions constituted the commission of "another federal, state, or local crime," in violation of one of the stated conditions of supervised release. The district court revoked Hardy's supervised release and sentenced him

_____

[1] See U.S. Sentencing Guidelines Manual § 5K1.1 (1995).
[2] Hardy's attempt to challenge the district court's credibility determination is not reviewable on appeal. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

2

to sixty-three months imprisonment. Hardy now appeals the revocation of his supervised release and the sentence imposed.

Hardy's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), presenting two issues for appellate review: whether the district court erred in finding that Hardy's actions constituted a violation of a stated condition of his supervised release, and whether the sixty-three month sentence imposed by the court was appropriate.

The district court must revoke the supervised release of a defendant who has violated one of the conditions of supervised release.[3] The district court properly found that Hardy's commission of assault and petty larceny violated a condition of supervised release and properly revoked the release. Accordingly, we affirm the district court's revocation of Hardy's supervised release.

Hardy did not object to the sentence imposed by the district court. Therefore, we review the sentence for plain error. [4] Hardy's convictions for conspiracy to distribute cocaine[5] and aiding and abetting violent crimes in aid of racketeering,[6] carried a maximum term of life imprisonment. Accordingly, each of these offenses is a Class A felony.[7] And since the offenses that led to the imposition of Hardy's supervised release include Class A felonies, the statutory maximum term of imprisonment upon revocation of his supervised release is sixty months.[8] The district court's imposition of a sixty-three month sentence exceeded the statutory maximum by three months.[9] Imposing a

---

[3] See 18 U.S.C. § 3583(e) (1994).
[4] See **United States v. Olano**, 507 U.S. 725 (1993); United States v. Lockhart, 58 F.3d 86, 88-89 (4th Cir. 1995).
[5] See 21 U.S.C. §§ 841(b)(1), 846 (1994).
[6] See 18 U.S.C. §§ 2, 1959(a)(1) (1994).
[7] See 18 U.S.C. § 3559(a)(1) (1994).
[8] See 18 U.S.C. § 3583(e)(3).
[9] Hardy's assault and petty larceny offenses, Class 1 misdemeanors under Virginia law, are Grade C violations of his supervised release. See Va. Code Ann. § 18.2-11, -57, -96 (Michie 1996 & Supp. 1997); USSG § 7B1.1(a)(3). Under the table of sentencing ranges included in the Sentencing Guidelines' policy statements applicable to violations of super-

3

sentence in excess of the statutory maximum is plain error.**10** Accordingly, we vacate the sixty-three month sentence and remand for resentencing.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

AFFIRMED IN PART, VACATED
IN PART, AND REMANDED

_____

vised release, Hardy's sentencing range was eight to fourteen months, because he committed a Grade C violation and his criminal history category was VI. See USSG § 7B1.4(a). However, these policy statements are not binding on the district court. See United States v. Davis, 53 F.3d 638, 640-42 (4th Cir. 1995). Accordingly, a sentence outside the guidelines range set forth in those policy statements cannot constitute plain error.

**10 See United States v. Johnson** , 4 F.3d 904, 918 (10th Cir. 1993); see generally United States v. Cobbs, 967 F.2d 1555, 1557-58 (11th Cir. 1992).

4