[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10701

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

*versus*

RICHARD A. KIRKENDALL,
a.k.a. Richard Andrew Kirkendall,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cr-00087-CEM-EJK-1

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

On appeal, Richard Kirkendall appeals his 293-month total sentence for receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5).  First, Kirkendall argues that his appeal waiver should not be enforced because his due process rights were violated by the district court reviewing a prior case—that he did not know the facts of—prior to imposing his sentence.  He then argues that if the appeal waiver is not enforced, we should review the district court's imposition of a five-level specific offense characteristic increase, under U.S.S.G. § 2G2.2(b)(3)(B), because he distributed child pornography in exchange for any valuable consideration.  Second, Kirkendall argues that the district court plainly erred by sentencing him above the statutory maximum on both of his convictions, and he asserts that his sentence violates his Eighth Amendment right against cruel and unusual punishment because his sentence is above the statutory maximum and greatly disproportionate of the offense as to offend evolving notions of decency.

I.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).

A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* at 1351.

"An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005). Furthermore, a defendant may waive his right to appeal both constitutional and non-constitutional issues by executing a valid sentence-appeal waiver. *See United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006). Nevertheless, we have recognized some narrow, substantive exceptions to this rule. *See King v. United States*, 41 F.4th 1363, 1367 (11th Cir. 2022). For example, we will review a sentence based on a constitutionally impermissible factor such as race or a sentence imposed in excess of the statutory maximum penalty even where a defendant has executed an appeal waiver. *Bushert*, 997 F.2d at 1350 n.18; *see also United States v. Howle*, 166 F.3d 1166, 1169 n.5 (11th Cir. 1999) (suggesting that "extreme circumstances"—e.g., a "public flogging" sentence—might justify overlooking an appeal waiver).

Here, Kirkendall's claim that his due process rights were violated by the district court reviewing a prior case—that he did not

know the facts of—before imposing his sentence does not fall within one of the appeal waiver's exceptions. Nor does the claim fit within one of our narrowly carved out exceptions permitting us to look past an appeal waiver. Similarly, Kirkendall's argument that the district court erred in imposing a five-level specific offense characteristic increase under U.S.S.G. § 2G2.2(b)(3)(B) because he distributed child pornography in exchange for any valuable consideration does not fall within one of the exceptions, and it is, therefore, barred by his knowing and voluntary appeal waiver. Accordingly, we dismiss Kirkendall's claims barred by his appeal waiver.

## II.

Ordinarily, we review the legality of a criminal sentence *de novo. United States v. Prouty,* 303 F.3d 1249, 1251 (11th Cir. 2002). Illegal sentences include those that exceed the statutory maximum for a given offense. *United States v. Cobbs,* 967 F.2d 1555, 1557–58 (11th Cir. 1992). However, when an appellant fails to raise an argument regarding the statutory maximum at the district court level, we will review only for plain error. *United States v. Smith,* 532 F.3d 1125, 1129 (11th Cir. 2008). Under the plain error standard, the defendant must show that: (1) the district court erred, (2) the error was plain, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness of the judicial proceedings. *United States v. Ramirez-Flores,* 743 F.3d 816, 822 (11th Cir. 2014).

We have stated that a sentence that exceeds the statutory maximum constitutes plain error. *United States v. Eldick,* 393 F.3d

22-10701              Opinion of the Court                    5

1354, 1354 n.1 (11th Cir. 2004). Such a sentence affects a defendant's substantial rights and seriously affects the fairness of the judicial proceedings. *United States v. Sanchez*, 586 F.3d 918, 930 (11th Cir. 2009). The maximum term of imprisonment for receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), is 20 years' imprisonment, 18 U.S.C. §§ 2252A(a)(2), (b)(1), and the maximum term of imprisonment for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5), is 10 years' imprisonment, *id.* §§ 2252A(a)(5)(B), (b)(2).

Here, as the government concedes, the district court plainly erred when it exceeded the statutory maximum for both of Kirkendall's convictions. Accordingly, we vacate Kirkendall's sentences and remand for resentencing. Given the necessity of resentencing, we decline to consider Kirkendall's Eighth Amendment challenge because that claim is intertwined with the district court's having erroneously sentenced him above the statutory maximum.

**DISMISSED IN PART, VACATED AND REMANDED IN PART.**