**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12201

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

RANDOLPH ASHLOCK,
a.k.a. Randy Ashlock,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:15-cr-00183-CEM-LHP-1

_____

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Randolph Ashlock appeals his sentence of imprisonment imposed upon his revocation of supervised release from his original

convictions for possession of child pornography involving a minor who had not attained 12 years of age, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), and receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B) and (b)(1). Upon revoking Ashlock's supervised release, the district court sentenced him to 24 months on the possession count and 37 months on the receipt count, to run concurrently.

Ashlock filed an unopposed motion for summary reversal, arguing that the district court's 37-month sentence on the receipt count exceeds the statutory maximum under 18 U.S.C. § 3583(e)(3). We agree, grant his motion, vacate his sentence, and remand for resentencing.

Summary disposition is appropriate when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Ordinarily, we review *de novo* the legality of a sentence imposed upon revocation of supervised release. *United States v. Cunningham*, 800 F.3d 1290, 1291 (11th Cir. 2015). However, we review sentencing issues raised for the first time on appeal for plain error. *United States v. Vandergrift,* 754 F.3d 1303, 1307 (11th Cir. 2014). Under plain-error review, we can correct an error only when (1) an error has occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects "the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation

modified). An error is plain if "the legal rule is clearly established at the time the case is reviewed on direct appeal." *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015). A "plain" error is one that is "clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009).

A sentence exceeding the statutory maximum for a given offense is an illegal sentence. *United States v. Cobbs*, 967 F.2d 1555, 1557-58 (11th Cir. 1992). Such a sentence affects a defendant's substantial rights and seriously affects the fairness of the judicial proceedings. *United States v. Sanchez*, 586 F.3d 918, 930 (11th Cir. 2009); *see also United States v. Eldick*, 393 F.3d 1354, 1354 & n.1 (11th Cir. 2004) (vacating a sentence exceeding the statutory maximum and noting that such a sentence constitutes plain error). In *Charles*, we stated that the limit on judicial authority set by statutory maximums is "absolute" and cannot be waived by a defendant. 129 F.4th 1334, 1337-38 (11th Cir. 2025) (concluding the district court lacked the authority to impose a supervised release term that exceeded the statutory maximum punishment and that the defendant's stipulation to a longer term had no effect on the legality of his sentence).

Ashlock's revocation sentence was capped at two years because he had been convicted of a Class C felony. If a defendant violates a condition of his supervised release, the district court may revoke a defendant's supervised release and impose a sentence of imprisonment. 18 U.S.C. § 3583(e)(3); *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016). The new term of imprisonment cannot exceed the statutory maximum custodial revocation sentence,

which is determined by the grade of the felony offense that resulted in the term of supervised release. *See* 18 U.S.C. § 3583(e)(3). As relevant here, § 3583(e)(3) caps the length of a sentence of imprisonment to two years "if the offense that resulted in the term of supervised release . . . is a class C or D felony." 18 U.S.C. § 3583(e)(3).

A Class C felony is defined as an offense, which is not otherwise classified in its section, and has maximum term of imprisonment of "less than twenty-five years but ten or more years." 18 U.S.C. § 3559(a)(3). A conviction for possession of child pornography involving a minor who had not attained 12 years of age under § 2252A(a)(5)(B) has a statutory maximum of 20 years' imprisonment. *Id*. § 2252A(a)(5)(B) and (b)(2). A conviction for receipt of child pornography under § 2252A(a)(2)(B) has a statutory maximum of 20 years' imprisonment, and a mandatory minimum of 5 years. *Id*. § 2252A(a)(2)(B) and (b)(1).

Because the district court sentenced him above the statutory maximum, Ashlock is clearly correct as a matter of law that the district court committed a reversible plain error. See *Vandergrift*, 754 F.3d at 1307; *Groendyke Transp., Inc.*, 406 F.2d at 1162. Upon revocation of Ashlock's supervised release, the district court could have imposed a maximum term of imprisonment of two years because his original conviction was a Class C felony. 18 U.S.C. §§ 2252A(a)(2)(B), (a)(5)(B) and 3559(a)(3) and 3583(e)(3). Therefore, the district court plainly erred by imposing an illegal, post-revocation sentence of 37-months' imprisonment that exceeded

25-12201                 Opinion of the Court                              5

the statutory maximum of 24-months under § 3583(e)(3). *Id.* § 3583(e)(3); *Cobbs*, 967 F.2d 1557-58; *Sanchez*, 586 F.3d at 930.

Because Ashlock's position is clearly correct as a matter of law, we **GRANT** the unopposed motion for summary reversal. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Although we find no fault at this juncture with Ashlock's 24-month concurrent sentence, we nonetheless vacate his sentence in its entirety and remand for re-sentencing on all counts. *See United States v. Fowler*, 749 F.3d 1010, 1015 (11th Cir. 2014).

**VACATED AND REMANDED**.