**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-12991

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

RUTILO MEDINA HERNANDEZ,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:24-cr-00442-AMM-JHE-1

————————————————

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Rutilo Medina Hernandez appeals his total sentence of 156 months' imprisonment for conspiracy to possess with intent to dis-

tribute, and to distribute, methamphetamine and cocaine, distribution of methamphetamine, possession with intent to distribute cocaine, possession with intent to distribute methamphetamine, possession of a firearm as an alien illegally in the United States, possession of a firearm in furtherance of a drug trafficking crime, and multiple counts of use of a communication facility to commit a drug trafficking crime.  He argues that the district court orally imposed a sentence of 96 months' imprisonment as to his convictions for using a communication facility to commit a drug trafficking crime, which exceeded the statutory maximum sentence of 48 months' imprisonment under 21 U.S.C. § 843(b).  In response, the government moves for summary affirmance, arguing that the court corrected its initial oral pronouncement and clarified that the sentence was 48 months as to these counts.  It further argues that, even if the court's oral pronouncement was defective, the court's written judgment controls, and the written judgment lawfully sentenced Hernandez to 48 months' imprisonment as to these counts.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Ordinarily, we review the legality of a criminal sentence de novo.  *United States v. Prouty*, 303 F.3d 1249, 1251 (11th Cir. 2002).

Illegal sentences include those that exceed the statutory maximum. *United States v. Cobbs*, 967 F.2d 1555, 1557–58 (11th Cir. 1992). But when a defendant failed to argue in the district court that his sentence exceeded the statutory maximum, we review such a challenge on appeal for plain error. *United States v. Smith*, 532 F.3d 1125, 1129 (11th Cir. 2008). "To prevail under the plain error standard, an appellant must show: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *United States v. Ramirez-Flores*, 743 F.3d 816, 822 (11th Cir. 2014). A sentence that exceeds the statutory maximum constitutes plain error. *See, e.g.*, *United States v. Sanchez*, 586 F.3d 918, 930 (11th Cir. 2009).

Normally, "[w]here there is a discrepancy between the orally imposed sentence and the written order of judgment and committal, the oral sentence controls." *United States v. Khoury*, 901 F.2d 975, 977 (11th Cir. 1990). However, there is a longstanding exception to this rule "when an oral pronouncement is contrary to law." *United States v. Joseph*, 743 F.3d 1350, 1353 (11th Cir. 2014). When an oral pronouncement violates the plain language of a statute, for example, a lawful written judgment will control over the oral pronouncement. *See id.* at 1353–54, 1356.

It is "unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of" a drug trafficking crime. 21 U.S.C.

§ 843(b).  A defendant who commits such an offense "shall be sentenced to a term of imprisonment of not more than 4 years."  *Id.* § 843(d)(1).

Here, the government is clearly right as a matter of law that Hernandez's sentence as to his convictions for using a communication facility to commit a drug trafficking crime did not exceed the statutory maximum because the district court orally clarified that Hernandez's sentence as to these counts should be 48 months rather than the 96-month term from its initial oral pronouncement. Moreover, even if the district court had not corrected its initial oral pronouncement, the terms of the written final judgment—which imposed a 48-month sentence as to these convictions—would control because the initial oral pronouncement was contrary to law.

Accordingly, because the government's position is clearly right as a matter of law, we **GRANT** its motion for summary affirmance.  *See Groendyke*, 406 F.2d at 1162.

**AFFIRMED.**