UNITED STATES of America, Plaintiff,

v.

Donald PARSONS and Christopher Lee, Defendants.

No. 1:97–CR–9.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Nov. 4, 1997.

David H. Miller, U.S. Atty's Office, Fort Wayne, IN, for U.S.

Randall J. Hammond, Tremper, Bechert, Leonard and Terrill, Fort Wayne, IN, for Donald John Parsons, Jr., defendant.

Stanley L. Campbell, Swanson and Campbell, Fort Wayne, IN, for Christopher (NMN) Lee, defendant.

## ORDER

WILLIAM C. LEE, Chief Judge.

This matter is before the court for resolution of sentencing issues raised by Defendant Christopher Lee at his sentencing hearing held on September 18, 1997. Lee's counsel raised two objections to the Presentence Investigation Report. The court ordered the parties to brief the issues. Lee submitted a brief on September 30 and the Government filed a response on October 9. No reply brief was filed by Lee.

As a preliminary matter, one of Lee's objections is now moot. Lee had requested a departure pursuant to U.S.S.G. § 5K2.13, which provides for a departure based on diminished capacity. However, Lee pleaded guilty to armed bank robbery. Section 5K2.13 provides that diminished capacity may be grounds for a departure only where "the defendant committed a nonviolent offense . . ." In his brief, Lee conceded that he "could not find any authority in support of a position that this particular offense should be considered a non-violent offense and would, accordingly, withdraw that contention." Defendant's Brief, p. 3. Therefore, Lee's request for a departure pursuant to § 5K2.13 is moot.

Lee maintains that he should not be assessed an additional two points pursuant to U.S.S.G. 4A1.1(b), the Guideline section pertaining to the calculation of a defendant's criminal history category. That section provides, in relevant part, as follows:

> The total points from items (a) through (f) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
>
> . . .
>
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

The commentary to § 4A1.1(b) states, in relevant part, as follows:

> Two points are added for each prior sentence of imprisonment of at least sixty days not counted in § 4A1.1(a).
>
> . . .
>
> Certain prior sentences are not counted or are counted only under certain conditions:
>
> . . .
>
> An adult or juvenile sentence imposed for an offense committed prior to the defendant's eighteenth birthday is counted only if confinement resulting from such sentence extended into the five-year period preceding the defendant's commencement of the instant offense. See § 4A1.2(d).

Thus, § 4A1.1 must be read in conjunction with § 4A1.2.[1] As the government points out in its brief, "in order to receive 2 points under § 4A1.1(b) an offense committed prior to the age of 18 is counted if [the defendant] meet[s] the criteria of § 4A1.2(d)(2)(A)." Government's Brief, p. 2. Section 4A1.2(d)(2)(A) provides, in relevant part, as follows:

> (d) Offenses Committed Prior to Age Eighteen
>
> . . .
>
> (A) add 2 points under § 4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense.

In the present case, Lee's criminal history category was increased pursuant to these sections "as a result of his having been com-

---

1. In fact, the commentary to § 4A1.1 specifically states that "[t]he definitions and instructions in § 4A1.2 govern the computation of the criminal history points. Therefore, §§ 4A1.1 and 4A1.2 must be read together."

mitted to the Indiana Boys School by the Family Relations Division of the Allen Superior Court. He was discharged from the Indiana Boys School on November 27, 1996." Defendant's Brief, p. 1. The bank robbery occurred on January 27, 1997. Consequently, Lee was assessed two points pursuant to § 4A1.2(d)(2)(A). In addition, returning to § 4A1.1, that section states that when calculating the criminal history category, two points should be added "if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) ..." Sec. 4A1.1(e). According to the government, "Lee in fact committed the instant offense within two years after his release from Indiana Boys School ... and he should receive 2 points under section (b) which makes him eligible for the additional two points under subsection (e)." Government's Brief, p. 2.

Notwithstanding the foregoing, Lee argues that the two Guideline sections are mutually exclusive, at least as they apply to the facts of this case. He claims that he "should only be assessed under one of these sections." Defendant's Brief, p. 3. Lee points to the fact that the language in § 4A1.1(e) specifically refers to "release from *imprisonment*," whereas the wording in § 4A1.2(d)(2)(A) refers to release from *confinement*. Lee states that he "believes it is an important consideration that under [ § 4A1.2(d)(2)(A)] the two points are assessed for a juvenile sentence of confinement rather than a term of imprisonment under § 4A1.1(b)." *Id.*, p. 1. In the present case, Lee "was adjudicated a delinquent under the provisions of the juvenile code and committed to the Indiana Boys School." *Id.*, p. 2. Therefore, Lee argues, "[i]t is the Defendant's position that he was not imprisoned as an adult but was rather confined or committed based upon a juvenile adjudication of delinquency." *Id.* Lee claims that this distinction between "imprisonment" and "confinement" is important in understanding how these two Guideline sections operate. As Lee explains it:

> [T]he sentencing guidelines themselves draw a distinction between imprisonment on an adult offense and confinement as the result of a juvenile adjudication. This distinction is found at subsection 4A1.2(d).

Subsection (1) refers to a situation where a juvenile has been "convicted" as an adult and has received a "sentence of imprisonment." This would be a situation where a juvenile has been waived to adult Court, tried as an adult, found guilty and convicted as an adult and has received a sentence of imprisonment to an adult facility at the Department of Corrections. Subsection (2) refers to a sentence of confinement (as opposed to imprisonment) which would incorporate the March 1996 case where Defendant was adjudicated a delinquent ...

...

> The fact that the language of subsection (d) refers to an instance in which a juvenile would have been convicted as an adult and received a sentence of imprisonment and then makes a different provision for a juvenile who has not gone through the adult system but has been retained in the juvenile system clearly shows that the Commission recognized the distinction and considered them to be different situations.

*Id.* To further support his contention that the two sections were intended to be applied separately, Lee points to the fact that each one contains a requirement that the instant offense be committed within a certain time frame. Section 4A1.1(e) requires that the instant offense be committed "less than two years after release from imprisonment," whereas § 4A1.2(d)(2)(A) states that two points should be assessed if the defendant "was released from ... confinement within five years" of the instant offense. Lee "believes it is inappropriate for him to receive assessments under two sections that are based upon a consideration of the instant offense having been committed within a particular time period after his release ..." *Id.*, p. 3. Lee cites several cases in his brief in which he claims courts have noted a distinction between imprisonment on an adult sentence and confinement as a result of a juvenile adjudication. Lee concedes, however, that "none of those cases present the same sort of fact situation as here nor do they address directly the specific bone of contention." *Id.*, p. 2. He also admits that "[c]ases in other circuits have included findings that would support an argument that there is no distinction to be drawn between confinement

and imprisonment.... None of those cases, however, present the same fact scenario as is present in this case." *Id.*

It is the position of the government that "there is no distinction between imprisonment and confinement under § 4 of the United States Sentencing Guidelines." The government argues that:

> Section 4A1.2(b)(1) states "[t]he term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed." This section makes no exception for the term "confinement." In addition, Commentary note number 4 [to] § 4A1.1(e) states, "[t]wo points are added if the defendant committed any part of the instant offense (i.e. any relevant conduct) less than two years following release from *confinement* on a sentence counted under § 4A1.1(a) or (b)."

Government's Brief, p. 2. The government contends that the language quoted above supports its conclusion that the Guidelines make no distinction between imprisonment and confinement for purposes of applying the provisions of § 4. Consequently, argues the government, "the Presentence Investigation Report is correct and the defendant should receive 2 points for the commission of his last juvenile offense and an additional 2 points because the instant offense occurred within 2 years following release from juvenile confinement." *Id.*, pp. 2–3.

The court disagrees with Lee's assertion that there are no cases addressing this issue. The Sixth Circuit dealt with this issue in *United States v. Hanley*, 906 F.2d 1116 (6th Cir.1990). Defendant's Brief, p. 2. The situation in *Hanley* was virtually identical to the issue in the present case.[2] Lee was adjudicated a delinquent and confined at the Indiana Boys School. This was the same situation in *Hanley*. The Sixth Circuit held that "prior juvenile adjudications were to be considered under the guidelines and that the adjudication of delinquency by a Kentucky juvenile court with a subsequent commitment to the Kentucky Cabinet for Human Resources was 'incarceration' under the guide-

lines." *Hanley*, 906 F.2d at 1120. The Sixth Circuit went on to say that "the district court and probation officer properly considered Hanley's juvenile commitments as 'confinement' in determining his criminal history category under Guidelines § 4A1.2(d)(2)(A). Similarly, Hanley's commitment to a juvenile facility constitutes an 'imprisonment' for the purposes of applying the two-point enhancement provision in Guidelines § 4A1.1(e)." *Id.* This issue was also addressed in *United States v. Reid*, 911 F.2d 1456 (10th Cir.1990). In that case the Tenth Circuit held that a defendant who was committed to a juvenile "camp" for 34 weeks could not challenge the use of that commitment in calculating his Guideline range. The court held that Reid was properly assessed two points pursuant to U.S.S.G. §§ 4A1.1(b) and 4A1.2(d)(2)(A). The court also held that Reid was properly assessed an additional two points pursuant to § 4A1.1(e) since he committed his instant offense within two years after his release from the juvenile camp. *Reid*, 911 F.2d at 1466. This is precisely the situation in the present case. In fact, other Circuits have held that it is proper to assess two points pursuant to § 4A1.2(d)(2)(A) based on a defendant's prior commitment to a juvenile facility. *See United States v. Fuentes*, 991 F.2d 700 (11th Cir.1993) (two points added for indeterminate juvenile commitment to Florida's Department of Health and Rehabilitative Services); *United States v. Adams*, 988 F.2d 493 (4th Cir.1993) (two points assessed for prior commitment to West Virginia's youthful offender facility).

Finally, it is instructive to note that § 4A1.2 contains several provisions detailing types of sentences that are *not* to be counted in calculating a defendant's criminal history category, including diversionary dispositions, certain military sentences, foreign sentences, and tribal court sentences. § 4A1.2(f), (g), (h), and (i). Juvenile adjudications are not listed among these exceptions.

Based on the discussion above, the court holds that a defendant's juvenile commitment

---

2. Lee claims that the *Hanley* case does not "present the same fact scenario as is present in this case." While it is true that Hanley challenged his Guideline calculation on different grounds than Lee, his challenge was nonetheless a challenge to a two-point enhancement based on a juvenile adjudication, and the holding in the case is quite clear that such an enhancement is proper.

or confinement constitutes imprisonment for purposes of assessing a two-point enhancement under § 4A1.1(e) in addition to the two-points mandated by § 4A1.2(d)(2)(A). Limiting the interpretation of "confinement" to mean incarceration in a secure facility is too narrow an interpretation, especially given the fact that most juvenile facilities are by their very nature much less secure than jails and prisons, and are intended to house (or confine) and rehabilitate juvenile offenders. Accordingly, the court finds that Lee's criminal history calculation as contained in the Presentence Report is properly calculated.

## CONCLUSION

For the foregoing reasons, Defendant Christopher Lee's objection to the Presentence Report is **DENIED.**