[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 6, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-10474

_____

D. C. Docket No. 04-00166-CR-ORL-19-JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENARD L. WASHINGTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 6, 2006)**

Before CARNES, HULL and PRYOR, Circuit Judges.

PRYOR, Circuit Judge:

Renard L. Washington appeals his sentence for bank robbery including an

order to make restitution to the Ormond Beach Police Department and Ormond

Heritage Condominium Association. His appeal presents two issues, the second of which presents a question of first impression for this Circuit: (1) whether Washington's sentence should have been enhanced two levels for reckless endangerment during flight under United States Sentencing Guidelines section 3C1.2; and (2) whether the Police Department and Condominium Association were "victims" of the bank robbery under the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A. We conclude that Washington's high-speed flight by automobile into a parking garage for a condominium association warranted an enhancement of his sentence for reckless endangerment. We also conclude that, because the Police Department and Condominium Association were damaged by Washington's flight, as a direct and proximate result of the bank robbery, both the Department and Association were victims under the Restitution Act. We affirm.

## I. BACKGROUND

On August 6, 2004, Washington entered a Coquina Bank branch in Ormond Beach, Florida, pointed a realistic toy gun at a bank employee, and demanded that she open the vault. Washington left the bank with approximately $86,000 and escaped in his car. Ormond Beach Police Department officers pursued Washington, who drove into a parking garage at Ormond Heritage Condominiums in an attempt to evade the officers. Washington's car slipped under a security gate

2

as it was closing, but the police officers did not clear the gate in time, and the collision caused damage to both the police cars and the gate. Inside the garage, Washington abandoned his car and fled on foot. He jumped into the Halifax River where he was arrested.

Washington was indicted on one count of armed bank robbery. See 18 U.S.C. § 2113(a), (d). Washington pleaded guilty, and a sentencing hearing was held on January 24, 2005. At the sentencing hearing, Washington objected to a two-level enhancement for reckless endangerment during flight. See U.S.S.G. § 3C1.2. He did not deny the factual account contained in the presentence investigation report, but argued that the facts were insufficient to support an enhancement under section 3C1.2. The district court rejected Washington's argument, and Washington was sentenced under the advisory Sentencing Guidelines to 96 months of imprisonment.

Washington also objected to the recommendation in the presentence report that restitution be ordered under the Mandatory Victims Restitution Act. See 18 U.S.C. § 3663A. Washington argued that the Ormond Beach Police Department and the Ormond Heritage Condominium Association were not "victims" of the bank robbery under the Restitution Act because their property was damaged after the offense of armed bank robbery had been completed. The district court rejected

3

this argument and held that "even though the element of the offense [of bank robbery] doesn't include flight, it is just a pattern of the commission of that crime that the robbery occurs and then there is flight." The district court awarded total restitution of $13,771.56, which is the sum of $8,529.56 to the Police Department and $5242 to the Condominium Association.

## II. STANDARD OF REVIEW

This Court reviews factual findings for clear error and the application of the United States Sentencing Guidelines to those facts de novo. United States v. Trujillo, 146 F.3d 838, 847 (11th Cir. 1998). Challenges to the sufficiency of evidence are questions of law, which we review de novo, and we consider the evidence in the light most favorable to the government. United States v. Futrell, 209 F.3d 1286, 1288 (11th Cir. 2000). We review de novo the legality of an order of restitution, but we review factual findings underlying a restitution order for clear error. United States v. Hasson, 333 F.3d 1264, 1270 (11th Cir. 2003).

## III. DISCUSSION

Washington raises two arguments on appeal. First, Washington argues that the district court erroneously enhanced his sentence because there was insufficient evidence to support a finding that he "recklessly created a substantial risk of death or serious bodily injury." U.S.S.G. § 3C1.2. Second, Washington argues that the

4

district court erroneously ordered restitution to the Police Department and the Condominium Association because neither is a "victim" of his offense of armed bank robbery.  See 18 U.S.C. § 3663A.  We address each argument in turn.

### A.  The District Court Did Not Erroneously Enhance Washington's Sentence under Section 3C1.2.

Washington argues that there is insufficient evidence to support a sentencing enhancement for reckless endangerment during flight.  See U.S.S.G. § 3C1.2.  Section 3C1.2 states, "If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer," a two-level increase is warranted.  Id.  "Reckless" is defined as "a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation."  Id. §§ 2A1.4 cmt. 1, 3C1.2 cmt. 2.

Although "flight alone is insufficient to warrant an enhancement under [section 3C1.2]," United States v. Wilson, 392 F.3d 1243, 1247 (11th Cir. 2004), Washington's conduct in fleeing constituted a "gross deviation" from the standard of reasonable care.  Unlike in Wilson, where the defendant fled on foot, Washington drove his car at "a higher rate of speed" in an attempt to evade the police.  The district court, after viewing the surveillance video from the parking

5

deck, found that "at times very close to the time the defendant entered this underground parking garage, there were people coming into the garage. Cars were coming in, and persons were getting on the garage elevator . . . ." Driving a car at high speed in an area where people are likely to be found constitutes reckless disregard for others' safety. See United States v. Gonzalez, 71 F.3d 819, 836-37 (11th Cir. 1996). There was sufficient evidence for the district court to enhance Washington's sentence for reckless endangerment during flight.

### B. The Police Department and Condominium Association Were "Victims" of the Bank Robbery under the Restitution Act.

Washington argues that the district court erroneously ordered restitution to the Police Department and the Condominium Association under the Mandatory Victims Restitution Act. See 18 U.S.C. § 3663A. The Restitution Act applies to any offense "(A) that is–(i) a crime of violence . . . or (ii) an offense against property . . . . and (B) in which an identifiable victim or victims has [sic] suffered a physical injury or pecuniary loss." Id. § 3663A(c)(1). The Restitution Act requires the district court, "when sentencing a defendant convicted of an offense described in subsection (c)," to order "that the defendant make restitution to the victim of the offense[.]" Id. § 3663A(a)(1). The Restitution Act defines "victim"

6

as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered . . . ." Id. § 3663A(a)(2).

Washington does not dispute that the Restitution Act applies to the offense of bank robbery, but Washington argues that the Police Department and the Condominium Association were not "victims" of the bank robbery. Washington argues that recovery under the Restitution Act is limited to victims who are harmed by the offense itself, and he contends that the Police Department and the Condominium Association were harmed as a result of his later flight, not his offense of bank robbery. Because fleeing is not an element of bank robbery, see Carter v. United States, 530 U.S. 255, 272, 120 S. Ct. 2159, 2170-71 (2000), Washington argues that the victims of his flight are not entitled to restitution under the Act. We disagree.

Washington's argument is contrary to the plain language of the Restitution Act, which covers harm that "directly and proximately" results from the commission of the offense. See 18 U.S.C. § 3663A(a)(2). Although flight is not an element of bank robbery, its harm may directly and proximately result from the robbery. Two of our sister circuits have addressed this issue and have reached the same conclusion. See United States v. Reichow, 416 F.3d 802, 805 (8th Cir.), cert. denied, 74 U.S.L.W. 3323 (U.S. Nov. 28, 2005) (No. 05-7281); United States v.

7

Donaby, 349 F.3d 1046, 1053 (7th Cir. 2003). The Seventh Circuit, for example, affirmed an order under the Restitution Act for damage caused to a police car and a vehicle the defendant stole during his flight from a bank robbery. Donaby, 349 F.3d at 1048. The court held, "The district court could properly conclude that robbing the bank directly and proximately led to the high-speed chase and the property damage that ensued." Id. at 1053. The district court in Washington's case echoed this observation and found that flight "is a pattern of the commission of [the offense of bank robbery]."

Washington argues that Hughey v. United States, 495 U.S. 411, 110 S. Ct. 1979 (1990), and our precedents that interpreted Hughey support his construction of the Restitution Act. In Hughey, the defendant pleaded guilty to the unauthorized use of a single credit card. Id. at 413-14, 110 S. Ct. at 1981. At sentencing, the government produced evidence that Hughey had fraudulently used 20 other credit cards and argued that restitution should be awarded based on the losses incurred from Hughey's use of all 21 credit cards. Id. at 414, 110 S. Ct. at 1981-82. The district court ordered Hughey to make restitution for the losses associated with all 21 credit cards, but the Supreme Court reversed. Id. at 422, 110 S. Ct. at 1985-86. Hughey required a causal link between the offense of conviction and the harm for which restitution is ordered. See id. at 418, 110 S. Ct. at 1984

8

(stating "Congress intended restitution to be tied to the loss caused by the offense of conviction").

Our later cases interpreted Hughey to authorize restitution "only for the loss caused by the specific conduct underlying the offense of conviction." United States v. Cobbs, 967 F.2d 1555, 1559 (11th Cir. 1992); see also United States v. McArthur, 108 F.3d 1350, 1357 (11th Cir. 1997). In Cobbs, the defendant pleaded guilty to the unauthorized possession of 89 American Express cards, but the government dropped the charges of unauthorized use of the cards. 967 F.2d at 1556. The district court ordered restitution for the total loss, including those arising from the unauthorized use of the cards, but this Court reversed. Id. at 1559. We held that "the possession count to which Cobbs pleaded guilty will not support the district court's order of restitution because there was no loss caused by his mere possession of the access devices." Id. at 1559. We rejected the government's argument that Hughey allowed restitution to "anyone suffering 'injury as a result of the defendant's actions that surrounded the commission of the offense' of conviction." Id. (quoting United States v. Durham, 755 F.2d 511, 513 (6th Cir. 1985) (emphasis added in Cobbs)).

The error of Washington's reliance on Hughey and Cobbs is that the statutory language interpreted by the Supreme Court in Hughey and by our Court

9

in Cobbs is materially different from the Restitution Act, which governs

Washington's sentence. Hughey and Cobbs interpreted an earlier version of the

Victim and Witness Protection Act, 18 U.S.C. § 3663 (1996). See Hughey, 495

U.S. at 412, 110 S. Ct. at 1981; Cobbs, 967 F.2d at 1558. Although the definition

of "victim" in the current version of the Protection Act parallels that of the

Restitution Act, the earlier version of the Protection Act interpreted in Hughey and

Cobbs did not provide a definition for "victim." Compare 18 U.S.C. § 3663 (2005)

and 18 U.S.C. § 3663A (2005) with 18 U.S.C. § 3663 (1996); see also United

States v. Dickerson, 370 F.3d 1330, 1338 (11th Cir.), cert. denied, ___ U.S. ___,

125 S. Ct. 343 (2004). The standard for causation defined in Hughey—"the loss

caused by the specific conduct that is the basis of the offense of conviction"—is

irreconcilable with the broad definition of "victim" in the Restitution Act. The

appropriate standard for causation is found in the Restitution Act itself: "directly

and proximately harmed as a result of the commission of an offense for which

restitution may be ordered . . . ." 18 U.S.C. § 3663A(a)(2) (emphasis added).

Because the district court found Washington's flight was causally related to the

bank robbery and this finding was not clearly erroneous, we affirm the order to

make restitution to the Police Department and Condominium Association.

## IV. CONCLUSION

Washington's sentence, including the order to make restitution to the Police

Department and Condominium Association, is

**AFFIRMED**.