[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 11, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13607
Non-Argument Calendar

_____

D. C. Docket No. 07-00045-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDY ANTONIO MARTIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(February 11, 2008)**

Before BARKETT, MARCUS  and WILSON, Circuit Judges.

PER CURIAM:

Randy Antonio Martin appeals his 168-month sentence for conspiracy to

possess with intent to distribute and to distribute 50 grams or more of cocaine base

("crack") and a quantity of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On appeal, Martin argues that the district court erred in applying the two-point enhancement to his sentence for reckless endangerment, pursuant to U.S.S.G. § 3C1.2, arguing that he was unaware that he was being pursued by law enforcement officers prior to his arrest.

We review the district court's factual findings for clear error, and its interpretation of the Sentencing Guidelines de novo. United States v. Cook, 181 F.3d 1232, 1233 (11th Cir. 1999). A district court may enhance a defendant's sentence for reckless endangerment "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. Although we have held that a defendant must actually be fleeing a law enforcement officer in order for this enhancement to apply, United States v. Sawyer, 115 F.3d 857, 859 (11th Cir. 1997), it has not decided whether the defendant must be aware that the person from whom he is fleeing is an officer, id. at 859 n.1 (expressly reserving judgment on this issue). Assuming knowledge of the law enforcement officer is required, it "can be based upon inferences from the surrounding circumstances." United States v. Peart, 888 F.2d 101, 104 (11th Cir. 1989).

The Guidelines define recklessness, under § 3C1.2, as "a situation in which the defendant was aware of the risk created by his conduct and the risk was of such

a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." U.S.S.G. §§ 2A1.5, comment 1, 3C1.2, comment 2. "Driving a car at a high rate of speed in an area where people are likely to be found constitutes reckless disregard for others' safety." United States v. Washington, 434 F.3d 1265, 1268 (11th Cir. 2006). Under § 3C1.2, the person endangered by the defendant's reckless conduct may be "any person, except a participant in the offense who willingly participated in the flight." U.S.S.G. § 3C1.2, comment 4.

Upon review of the presentence investigation report and sentencing transcript, and the briefs of the parties, we find no reversible error. The circumstances surrounding his arrest demonstrated that he was aware of the law enforcement officers pursuing him because, according to the testimony of an officer, Martin veered around another officer's vehicle, which had its blue lights activated, struck a parked vehicle, continued driving at a high rate of speed until he hit a curb and blew a tire, and fled on foot into a female's nearby apartment. Under these circumstances, the district court did not plainly err in finding that he acted recklessly, and enhancing Martin's sentence for reckless endangerment.

**AFFIRMED.**