[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2009
THOMAS K. KAHN
CLERK

No. 08-15538
Non-Argument Calendar

_____

D. C. Docket No. 07-20081-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARLI VELAZQUEZ-ARMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 2, 2009)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Darli Velazquez-Armas ("Velazquez"), having been caught conspiring to

import and possess with intent to distribute cocaine, appeals the current prison sentences of 360 months each that were imposed by the district court after he pled guilty to violating 21 U.S.C. §§ 963, 952(a), and 856.  Velazquez argues that the district court erred as follows: (1) when it refused to consider his safety-valve statement in support of the factual and legal objections he made to the presentence investigation  report ("PSI") and at sentencing; (2) when it applied a two-level enhancement for reckless endangerment during flight from law officers under U.S.S.G. § 3C1.2; (3) in denying him a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a); (4) in applying a three-level manager-supervisor enhancement, under U.S.S.G. § 3B1.1(b); (5) in refusing to find that he satisfied all of the requirements for safety-valve relief under U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f); (6) when it applied the six-level victim related enhancement under U.S.S.G. § 3A1.2(c)(1); and (7) in imposing sentences that are substantively unreasonable.  We consider these arguments in their numerical order.

1) Admissibility of Safety Valve Statement

Velazquez presents this objection for the first time on appeal.  When an objection is raised for the first time on appeal, we review it for plain error.  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).  Under plain error review, the appellate court may only correct errors if the defendant establishes:  (1)

error, (2) that is plain, and (3) that affects substantial rights.  United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007).  If all three conditions are met, we may exercise our discretion to recognize the error, if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id.  (citation and quotation omitted).  An error affects a party's substantial rights if it had a substantial influence on the outcome of the case.  Id.

The district court did not make a ruling concerning the sufficiency of Velazquez's safety-valve statement, nor did it deny him an opportunity to refute the PSI.  Velazquez has failed to demonstrate that the court erred, much less plainly erred, when it refused to consider his safety-valve statement.

2) Reckless Endangerment During Flight

Section C1.2 of the Sentencing Guidelines imposes a two-level increase "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer."  The Guidelines define recklessness, under § 3C1.2, as "a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation."  U.S.S.G. §§ 2A1.5, comment 1, 3C1.2, comment 2.  "Driving a car at a high rate of

3

speed in an area where people are likely to be found constitutes reckless disregard for others' safety." United States v. Washington, 434 F.3d 1265, 1268 (11th Cir. 2006).

The district court found that Velazquez put "any number of individuals" at risk when he led law enforcement officers on high speed chases through residential areas in the United States and Spain. The court's findings were supported by Agent Boho and Officer Gonzalez's testimonies. The court did not err when it applied the § 3C1.2 reckless endangerment enhancement to Velazquez.

3) Acceptance of Responsibility

We review "the district court's determination of acceptance of responsibility only for clear error. A district court's determination that a defendant is not entitled to acceptance of responsibility will not be set aside unless the facts in the record clearly establish that a defendant has accepted personal responsibility." United States v. Singh, 291 F.3d 756, 764 (11th Cir. 2002) (internal citation omitted).

The Guidelines provide for a two-level decrease in a defendant's base offense level if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). "The defendant bears the burden of clearly demonstrating acceptance of responsibility and must present more than just a guilty plea." United States v. Sawyer, 180 F.3d 1319, 1323 (11th Cir.1999). "Conduct

4

resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1, comment. (n.4). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, comment. (n.5).

Velazquez presented no evidence of extraordinary circumstances that, despite his obstructive conduct, would entitle him to acceptance of responsibility. The district court did not clearly err when it denied Velazquez an adjustment for acceptance of responsibility.

4) Aggravating Role

"A district court's upward adjustment of a defendant's Guidelines offense level . . . under U.S.S.G. § 3B1.1 is a finding of fact reviewed only for clear error." United States v. Phillips, 287 F.3d 1053, 1055 (11th Cir. 2002). "The government bears the burden of proving by a preponderance of the evidence that the defendant had an aggravating role in the offense." United States v. Yeager, 331 F.3d 1216, 1226 (11th Cir. 2003). Under U.S.S.G. § 3B1.1, a three-level enhancement may be

applied if "the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). The factors that a court should consider in determining the nature of the defendant's role include:

> [T]he exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, comment. (n.4). This Court has held that "the management enhancement is appropriate for a defendant who arranges drug transactions, negotiates sales with others, and hires others to work for the conspiracy." United States v. Matthews, 168 F.3d 1234, 1249 (11th Cir. 1999). The assertion of control or influence over only one individual is enough to support a § 3B1.1 enhancement. See United States v. Jiminez, 224 F.3d 1243, 1251 (11th Cir. 2000).

Here, the record indicates there were at least five participants in the conspiracy: Velazquez, Sandoval, Gonzalez, Lopez, and Mejia. Gonzalez's testimony established that Velazquez directed all of his actions in the conspiracy. The district court did not clearly err in determining that the government established, by a preponderance of the evidence, that Velazquez was a manager or supervisor within the meaning of U.S.S.G. § 3B1.1(b).

6

5) Safety-Valve Relief

"When reviewing a district court's safety-valve decision, we review for clear error a district court's factual determinations and <u>de novo</u> the court's legal interpretation of the statutes and sentencing guidelines." <u>United States v. Poyato</u>, 454 F.3d 1295, 1297 (11th Cir. 2006).

The Guidelines provide for sentencing without regard to any statutory minimum—the so-called safety valve—with respect to certain offenses, when specific requirements are met. U.S.S.G. § 5C1.2; 18 U.S.C. § 3553(f). The Guidelines also permit a two-level reduction in the offense level for certain drug-related crimes if the defendant meets the five criteria set forth in § 5C1.2 and § 3553(f). U.S.S.G. § 2D1.1(b)(11). A defendant has the burden of proving his eligibility for safety-valve relief. <u>United States v. Cruz</u>, 106 F.3d 1553, 1557 (11th Cir. 1997). The defendant must show: (1) he does not have more than one criminal history point; (2) he did not use violence or possess a firearm or other dangerous weapon during the offense; (3) death or serious bodily injury did not occur to any person as a result of the offense; (4) he was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise; and (5) he truthfully provided the government with all information and evidence he had "concerning the offense or offenses that were part of the same

7

course of conduct or of a common scheme or plan . . . ." 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a).

A defendant who had a managerial role in the offense is not eligible for safety-valve relief. See U.S.S.G. § 5C1.2(a). The district court did not err when it denied Velazquez safety-valve relief under U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f).

6) Victim Related Enhancement

Under U.S.S.G. § 3A1.2(c)(1), a six-level enhancement is applied "if, in a manner creating a substantial risk of bodily injury, the defendant . . . knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom . . . ." U.S.S.G. § 3A1.2(c)(1). Here, only the vehicle confrontation with Agent Boho occurred during immediate flight from the offense. The incidents in Madrid and the Canary Islands were post-indictment.

In United States v. Rice, 43 F.3d 601, 608 (11th Cir. 1995), we refused to consider an alleged Guidelines error where the defendant's sentencing range was unaffected by the alleged error. Because Velazquez's recommended sentence does not change with the six-level victim related enhancement, it is unnecessary for us to determine whether the district court erred when it applied the six-level

enhancement.

7) Sentence Reasonableness

We review sentences imposed by the district court for reasonableness using the abuse-of-discretion standard. See United States v. Booker, 543 U.S. 220, 261, 125 S.Ct. 738, 765-66, 160 L.Ed.2d 403 (2004); United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). Reasonableness review is deferential and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

"If the Guidelines calculation is correct, or if the miscalculation is harmless, we consider whether the sentence is reasonable" in light of the factors outlined in § 3553(a) and the district court's reasons for imposing a particular sentence. United States v. Williams, 456 F.3d 1353, 1360-61 (11th Cir. 2006). The § 3553(a) factors that a district court must consult when determining a reasonable sentence include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical

care; (6) the kinds of sentences available; (7) the Sentencing Guideline range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. Talley, 431 F.3d at 786. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007). "When reviewing the length of a sentence for reasonableness, we will remand for resentencing if left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Williams, 456 F.3d at 1336.

After considering all of the § 3553(a) factors, the district court determined that sentences of 360 months imposed concurrently were appropriate. Velazquez has not shown that the district court abused its discretion by imposing such sentences.

AFFIRMED.