CARNES, Chief Judge,
concurring in the result:
There is a difference between speech that is a true threat, which may be constitutionally banned, and speech that is just hot invective which cannot be. The majority opinion draws the line between those two types of speech using the decision in Virginia v. Black, 538 U.S. 343, 123 S.Ct. 1536, 155 L.Ed.2d 535 (2003), as its straight edge. Using the same straight edge, I might draw a different line. But I need not decide whether I would because the nature of the defendant’s challenge to the statute before us makes it unnecessary to do so.
I.
Martinez was convicted under 18 U.S.C. § 875(c), which criminalizes the transmission in interstate commerce of “any threat to injure the person of another.” The indictment charged that she knowingly transmitted a communication that contained a threat to injure another person. She challenges the sufficiency of the indictment because of its failure to allege that she transmitted the threat with the intent to cause fear of bodily harm.
II.
To the extent that Martinez’s challenge is one of statutory interpretation, arguing that § 875(c) itself requires that the defendant have intended to cause the necessary fear, our decision in United States v. Ala-boud, 347 F.3d 1293 (11th Cir.2003), forecloses her position. The Alaboud decision held that what § 875(c) requires is that the communication and the context in which it was made “would cause a reasonable person to construe it as a serious intention to inflict bodily harm,” not that the defendant have intended to cause that result. Id. at 1297; see also id. (“[T]he offending remarks must be measured by an objective standard.”); id. at 1297 n. 3 (explaining that we have never specified whether we use a listener-based or speaker-based test, and instead have asked only how a reasonable person would construe the communication). We are bound by the Alaboud decision to hold that, as a matter of statutory interpretation, an intent to cause a fear of bodily harm is not required by § 875(c). And as a later panel we must adhere to that holding even if we think that the Alaboud panel may have overlooked the Black decision, which came out six months earlier but was not mentioned in Alaboud. See, e.g., Smith v. GTE Corp., 236 F.3d 1292, 1300-04 (11th Cir.2001).
III.
Martinez’s challenge goes beyond statutory interpretation, however, and in that way slips the grip of the Alaboud decision. She contends that her indictment is invalid because the failure to require an intent to *991 cause fear of bodily harm renders § 875(c) facially overbroad and unconstitutional on its face. The Alaboud Court decided not to address the constitutionality of the statute because the defendant had not raised that issue in the district court. See Ala-boud, 347 F.3d at 1295 n. 1. Because Martinez did raise the issue in the district court, we must deal with it.
The majority rejects Martinez’s facial attack on § 875(c) because it concludes that the Supreme Court’s Black decision “does not require a subjective-intent analysis for true threats.” Maj. Op. at 985, 986-89. While I have my doubts about the majority’s reading of Black, those doubts do not affect the result in this case because Martinez’s sole constitutional challenge to § 875(c) is that the provision is facially overbroad. It is not.[1] For that reason, I feel it is unnecessary to take sides in the existing circuit split on whether Black requires a subjective-intent analysis for true threats. See Maj. Op. at 986. Even assuming that it does, Martinez cannot prevail on her facial challenge to § 875(c).
A facial challenge that is based on some ground other than First Amendment over-breadth can succeed only “by establishing that no set of circumstances exists under which the Act would be valid, i.e., that the law is unconstitutional in all of its applications.” Wash. State Grange v. Wash. State Republican Party, 552 U.S. 442, 449, 128 S.Ct. 1184, 1190, 170 L.Ed.2d 151 (2008) (quotation marks and alteration omitted); see also Am. Fed’n of State, Cnty. & Mun. Emps. Council 79 v. Scott, 717 F.3d 851, 863 (11th. Cir.2013) (holding that to succeed on a facial attack “ ‘the challenger must establish that no set of circumstances exists under which the Act would be valid’ ”) (quoting United States v. Salerno, 481 U.S. 739, 745, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697 (1987)).
A First Amendment overbreadth challenge, however, is different. See, e.g., Virginia v. Hicks, 539 U.S. 113, 118, 123 S.Ct. 2191, 2196, 156 L.Ed.2d 148 (2003) (“The First Amendment doctrine of overbreadth is an exception to our normal rule regarding the standards for facial challenges.”). An overbreadth challenge does not require a showing that there is no set of circumstances in which the statute could be applied constitutionally, but it does require a showing that a “substantial number of [a statute’s] applications are unconstitutional, judged in relation to [its] plainly legitimate sweep.” Wash. State Grange, 552 U.S. at 449 n. 6, 128 S.Ct. at 1190 n. 6 (quotation marks omitted). The difference is between having to show that all applications of the statute are unconstitutional and having to show that a substantial number of them are. It is still a difficult showing to make, and the burden of making it is on the challenger.
The Supreme Court has cautioned that we should “not apply the strong medicine of overbreadth analysis where the parties fail to describe the instances of arguable overbreadth of the contested law.” Id. (quotation marks omitted) (citing N.Y. State Club Ass’n v. City of New York, 487 U.S. 1, 14, 108 S.Ct. 2225, 2234, 101 L.Ed.2d 1 (1988)). In its N.Y. State Club decision, the Supreme Court refused to strike down a law on overbreadth grounds because there was no definitive showing of the actual amount of its allegedly unconstitutional applications. The Court explained:
To succeed in its challenge, appellant must demonstrate from the text of Local Law 63 and from actual fact that a *992 substantial number of instances exist in which the Law cannot be applied constitutionally. Yet appellant has not identified those clubs for whom the antidis-crimination provisions will impair their ability to associate together or to advocate public or private viewpoints. No record was made in this respect, we are not informed of the characteristics of any particular clubs, and hence we cannot conclude that the Law threatens to undermine the assoeiational or expressive purposes of any club, let alone a substantial number of them. We therefore cannot conclude that the Law is substantially overbroad and must assume that whatever overbreadth may exist should be cured through case-by-case analysis of the fact situations to which its sanctions, assertedly, may not be applied.
N.Y. State Club, 487 U.S. at 14, 108 S.Ct. at 2234-35 (quotation marks omitted). Similarly, in this case Martinez has made no showing “from the text of [§ 875(c) ] and from actual fact that a substantial number of instances exist in which [§ 875(e) ] cannot be applied constitutionally.” Id., 108 S.Ct. at 2234. For that reason, we “cannot conclude that [§ 875(c) ] is substantially overbroad and must assume that whatever overbreadth may exist should be cured through case-by-case analysis of the fact situations” in which its application would be unconstitutional. Id., 108 S.Ct. at 2235 (quotation marks omitted). That is what the Supreme Court has told us to do.
While the Supreme Court has acknowledged that substantial overbreadth is “not readily reduced to an exact definition,” Members of the City Council of L.A. v. Taxpayers for Vincent, 466 U.S. 789, 800, 104 S.Ct. 2118, 2126, 80 L.Ed.2d 772 (1984), it has declined to find a statute overbroad when it was unlikely that the amount of protected expression falling within the scope of the statute would “amount to more than a tiny fraction of the materials within the statute’s reach.” New York v. Ferber, 458 U.S. 747, 773, 102 S.Ct. 3348, 3363, 73 L.Ed.2d 1113 (1982). That is the situation here. Martinez refers to a rare, almost unicornical category of speech communicated by a speaker who “acts with innocent intent, but negligently conveys a message that others [reasonably] find to be threatening.” Appellant’s Br. at 20. More than a law school exam hypothetical is required. The analysis must partake of reality and a substantial amount of over-breadth must be shown.
The Supreme Court has instructed:
[T]he mere fact that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge. On the contrary, the requirement of substantial overbreadth stems from the underlying justification for the overbreadth exception itself — the interest in preventing an invalid statute from inhibiting the speech of third parties who are not before the Court.
City Council of L.A., 466 U.S. at 800, 104 S.Ct. at 2126 (footnote omitted). The Court emphasized that “there must be a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court for it to be facially challenged on overbreadth grounds.” Id. at 801, 104 S.Ct. at 2126. And in making that determination we are guided by the admonition that the “application of the over-breadth doctrine is ‘strong medicine’ that should be used ‘sparingly and only as a last resort.’ ” Fla. Ass’n of Prof'l Lobbyists, Inc. v. Div. of Legislative Info. Servs. of the Fla. Office of Legislative Servs., 525 F.3d 1073, 1079 (11th Cir.2008) (quoting *993 Broadrick v. Oklahoma, 413 U.S. 601, 613, 93 S.Ct. 2908, 2916, 37 L.Ed.2d 830 (1973)).
This is not one of those rare, last resort cases where we must use the strong medicine of overbreadth doctrine. Section 875(c)’s restriction on speech is itself significantly restricted by the objective requirement that a reasonable person would believe from the speech and its circumstances that the defendant intended to harm another. See Alaboud, 347 F.3d at 1297 (holding that the government must prove that a reasonable person would “construe [the communication] as a serious expression of an intention to inflict bodily harm”) (quotation marks omitted). Given that requirement — and assuming Martinez is right that the First Amendment requires proof of the speaker’s subjective intent to threaten — there would be two categories of cases within the scope of § 875(c). The constitutional application category would include all of the cases in which a reasonable person would believe that the defendant intended to cause fear of bodily harm and she did actually intend that. The unconstitutional application category would include only the cases in which a reasonable person would believe that the defendant intended to cause fear of bodily harm but she did not actually intend that. Martinez has not shown that the unconstitutional category cases are substantial in relation to the constitutional category ones. As a result, even assuming that the First Amendment requires proof of subjective intent, Marinez’s overbreadth challenge fails. See Broadrick, 413 U.S. at 615, 93 S.Ct. at 2918.
For this reason, I agree with my colleagues that Martinez’s conviction is due to be affirmed.[2]

. From her motion to dismiss the indictment in the district court through her initial brief to this Court, Martinez has never raised an as applied challenge to the statute.

. I also agree with them that the district court’s restitution order is due to be affirmed, although I would apply plain error review and hold that in light of our decision in United States v. Washington, 434 F.3d 1265 (11th Cir.2006), the district court did not plainly err.