[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11388
Non-Argument Calendar

_____

D.C. Docket No. 3:18-cr-00089-RV-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMETRICE A. THOMAS,
a.k.a. Demetrius Thomas,
a.k.a. Peabody,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 20, 2019)

Before JORDAN, NEWSOM and MARCUS, Circuit Judges.

PER CURIAM:

Demetrice Thomas appeals from his 234-month total sentence for conspiracy to distribute a substance containing cocaine, maintaining a drug premises, and possessing with intent to distribute a substance containing cocaine. On appeal, Thomas argues that: (1) the district court erred by making a cocaine quantity finding based on the undisputed facts in the Presentence Investigation Report ("PSI") because factual findings must be reliably proved to a judge or jury; and (2) the district court plainly erred by applying a two-level sentencing enhancement under U.S.S.G. § 3C1.2 for Thomas's flight by car from the police because his conduct did not meet the standard for reckless endangerment. After careful review, we affirm.

We review a district court's factual determination of the drug quantity attributable to a defendant for clear error. United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir. 2005). We also review the district court's interpretation of U.S.S.G. § 3C1.2 de novo. United States v. Wilson, 392 F.3d 1243, 1247 (11th Cir. 2004). However, when a defendant raises an argument for the first time on appeal, we review it for plain error. United States v. Sammour, 816 F.3d 1328, 1336 (11th Cir. 2016). Specific objections are required at the district court to provide the district court "the opportunity to consider (and if necessary correct) them." United States v. Carpenter, 803 F.3d 1224, 1238 (11th Cir. 2015). To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007). If

2

the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Id.  "When the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."  United States v. Castro, 455 F.3d 1249, 1253 (11th Cir. 2006) (quotations omitted).

First, we find no merit to Thomas's claim that the district court erred in making the cocaine quantity finding based on the undisputed facts in the PSI.  For starters, sentencing courts are permitted to make factual findings based on undisputed statements in the PSI.  United States v. Davis, 587 F.3d 1300, 1303 (11th Cir. 2009) (holding that the district court did not make impermissible findings of fact at sentencing when the defendant did not object to the facts in the PSI).  Indeed, it is clear under our case law that when a defendant fails "to object to allegations of fact in a PSI [the defendant] admits those facts for sentencing purposes."  United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006).  It is also well-established that the failure to object to a district court's "factual findings precludes the argument that there was error in them."  Id.  Challenges to the PSI "must be asserted with specificity and clarity" or else the objection is waived.  United States v. Bennett, 472 F.3d 825, 832-33 (11th Cir. 2006) (discussing challenges made to a PSI for the first time on appeal and finding them waived).

3

Here, because Thomas is objecting to the drug quantity calculation for the first time on appeal, we review only for plain error, and can find none. See Carpenter, 80 F.3d at 1238. As the record reflects, the district court did not plainly err when it calculated Thomas's base offense level and imposed a sentence based on a quantity of drugs determined by relying on the undisputed facts in the PSI. The PSI clearly provided that the conspiracy involved at least 100 kilograms of cocaine. Thomas did not raise any objections in writing. When given an opportunity at his sentencing hearing to object to the factual conclusions of the PSI or its use in sentencing, Thomas affirmed its accuracy. See Wade, 458 F.3d at 1277. In short, Thomas waived any challenge to the district court's fact finding by not raising an objection there, and cannot show, under our case law, that the district court plainly erred by making a drug quantity finding based on the undisputed facts in the PSI.[1]

We are also unpersuaded by Thomas's claim that the district court plainly erred by applying an enhancement under § 3C1.2 for Thomas's flight by car. A two-level enhancement applies if "the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. We've held that "flight alone is insufficient

---

[1] To the extent Thomas claims he instructed his attorney to object to any quantity of cocaine above five-and-a-half kilograms, he says in his reply brief that he is not pursuing an ineffective-assistance claim here. In any event, it would be premature to address an ineffective-assistance-of-counsel claim on direct appeal because the record is not sufficiently developed. See Massaro v. United States, 538 U.S. 500, 504–05 (2003) (holding that claims of ineffective assistance of counsel ordinarily should be brought through a motion under 28 U.S.C. § 2255, rather than direct appeal).

to warrant an enhancement under" § 3C1.2.  Wilson, 392 F.3d at 1247 (finding no reckless endangerment resulted from a flight on foot).  Instead, we look for "gross deviation from the standard of reasonable care."  United States v. Washington, 434 F.3d 1265, 1267-68 (11th Cir. 2006) (comparing the risk created in a flight by car as greater than flight on foot).  When a person is "[d]riving a car at high speed in an area where people are likely to be found," there is reckless disregard for others' safety.  Id. at 1268.

Again, because Thomas failed to raise any objections during sentencing to the § 3C1.2 enhancement, we review his argument for plain error, and can find none.  See Sammour, 816 F.3d at 1336.  According to the undisputed facts in the PSI, Thomas drove away when officers approached the residence, officers engaged their flashing blue lights, and Thomas continued at a high speed and escaped.  Because Thomas was driving away from a residence in a residential area in a car at a high speed, he was aware of a substantial risk his conduct posed to others' safety.  See Washington, 434 F.3d at 1268.  Thomas has not pointed to any on-point binding precedent indicating that it is plain error to apply the enhancement to these facts.  Castro, 455 F.3d at 1253.  Accordingly, the district court did not plainly err in enhancing Thomas's sentence under  § 3C1.2, and we affirm.

**AFFIRMED**.