[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14459
Non-Argument Calendar

_____

D.C. Docket No. 5:20-cr-00041-RBD-PRL-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,


versus

ERIC LEE SPUTA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 24, 2021)

Before WILLIAM PRYOR, Chief Judge, WILSON and BRANCH, Circuit Judges.

PER CURIAM:

Eric Sputa appeals his sentence of 48 months of imprisonment following his plea of guilty to possessing a firearm as a convicted felon. 18 U.S.C. §§ 922(g)(1), 924(a)(2). Sputa challenges the enhancement of his sentence for recklessly creating a substantial risk to another person while fleeing from law enforcement. United States Sentencing Guidelines Manual § 3C1.2 (Nov. 2018). We affirm.

We review the factual findings of the district court for clear error, and its application of those facts to justify a sentencing enhancement *de novo*. *United States v. Matchett*, 802 F.3d 1185, 1191 (11th Cir. 2015). "For a factual finding to be clearly erroneous, this Court, after reviewing all of the evidence, must be left with a definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. Creel*, 783 F.3d 1357, 1359 (11th Cir. 2015)) (alteration adopted). "The findings of fact . . . may be based on . . . facts admitted by a defendant's plea of guilty, undisputed statements in the presentence [investigation] report, or evidence presented at the sentencing hearing." *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989).

A defendant is subject to two-level increase of his offense level if he "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. Reckless "means a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that

2

risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." *See id*. cmt. n.2 (cross-referencing U.S.S.G. § 2A1.4 cmt. n.1). "[T]o warrant an enhancement under section 3C1.2 of the guidelines, we have held that conduct that could potentially harm a police officer or a third party is sufficiently reckless." *Matchett*, 802 F.3d at 1198. And "[a]lthough flight alone is insufficient to warrant an enhancement under section 3C1.2," "[d]riving a car at high speed in an area where people are likely to be found constitutes reckless disregard for others' safety." *United States v. Washington*, 434 F.3d 1265, 1267, 1268 (11th Cir. 2006) (internal quotation marks omitted and alteration adopted).

The district court did not clearly err by enhancing Sputa's offense level for recklessly endangering a person while fleeing from a police officer. The district court grounded its decision on paragraph five of Sputa's presentence investigation report, which described his high-speed flight from a deputy in traffic and how Sputa's motorcycle later ricocheted off a detective's vehicle. Sputa argues, for the first time, that the district court failed to make explicit factual findings to support its decision, but that omission does not warrant relief because the decision to enhance Sputa's sentence is "based on clearly identifiable evidence," *United States v. Siegelman*, 786 F.3d 1322, 1331 (11th Cir. 2015).

Sputa's presentence report stated that he sped away from a gas station when being approached by a deputy of the Citrus County Sheriff's Office who followed Sputa from a residence being surveilled for narcotics trafficking. Sputa led the deputy on a high-speed chase and failed to slow even though the deputy decelerated and deactivated his lights and siren after Sputa overtook the vehicle in front of him. Minutes later, a detective pursued Sputa after observing him speed across an intersection onto a dead-end road. When Sputa turned his motorcycle around and accelerated toward the detective, he exited his service vehicle, drew his gun, identified himself, and ordered Sputa to stop. Sputa attempted to swerve around the vehicle, but he struck the driver's side front fender and crashed into a fence. Before sentencing, Sputa argued that he was unaware he was being pursued by law enforcement, but he admitted at sentencing that he "recognized that there was [an] . . . officer" on the dead-end road. Sputa maintains that his conduct was "foolish," but the district court reasonably found that Sputa endangered other drivers in traffic and the officer who Sputa charged with his motorcycle.

We **AFFIRM** Sputa's sentence.