[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11268

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROBERT LEE PRINGLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cr-00090-RBD-LHP-1

_____

Before WILLIAM PRYOR, Chief Judge, and LAGOA and WILSON, Circuit Judges.

PER CURIAM:

Robert Pringle appeals his 120-month sentence for possession of a firearm by a convicted felon. 18 U.S.C. § 922(g)(1). He challenges enhancements for creating a substantial risk of death or serious harm to others and possessing a firearm in connection with another felony offense, United States Sentencing Guidelines Manual §§ 2K2.1(b)(6)(B), 3C1.2 (Nov. 2023), and he argues that the district court imposed a substantively unreasonable sentence. We affirm.

Pringle pleaded guilty to one count of possession of a firearm by a convicted felon. 18 U.S.C. § 922(g)(1). A probation officer prepared a presentence investigation report that described how a police officer attempted to stop a stolen car Pringle was driving. Pringle fled through an empty parking lot at high speed, and the officer lost sight of Pringle's vehicle. Later, surveillance footage showed Pringle crashed into another car in an intersection and caused severe damage. When police searched Pringle's car, they found a loaded pistol; an unloaded pistol; ammunition; and a backpack containing prescription bottles bearing Pringle's name, a digital scale, baggies, methamphetamine, cocaine, and cannabis on the passenger floorboard. Pringle admitted he knew he was a convicted felon when the incident occurred.

In recounting Pringle's personal history, the report stated that when Pringle was a child he suffered from behavioral problems, that his father was absent, and that he experienced sexual abuse and witnessed his mother's abuse. The probation officer also reported that Pringle suffered from blood clots in his lungs and legs, heart failure, and high blood pressure. The report recounted his criminal history, which included prior convictions for robbery, burglary, grand theft, aggravated assault, fleeing and eluding, and possession of a controlled substance. The report also stated that Pringle was on probation when he committed the instant offense.

The report calculated a base offense level of 22, U.S.S.G. § 2K2.1, applied a four-level increase because Pringle possessed a firearm in connection with another felony by possessing controlled substances and driving a stolen vehicle, *id.* § 2K2.1(b)(6)(B), applied a two-level increase because he recklessly created a substantial risk of death or serious injury to others, *id.* § 3C1.2, and applied a three-level decrease for acceptance of responsibility, *id.* § 3E1.1(a)-(b), which yielded a total offense level of 25. The report calculated a criminal history category VI and an offense level of 25, with a guideline imprisonment range of 110 to 137 months. Because the statutory maximum term of imprisonment was 10 years, the guideline range became 110 to 120 months of imprisonment. Pringle objected to the enhancements for possession of a firearm in connection with another felony, *id.* § 2K2.1(b)(6)(B), and recklessly creating a substantial risk of death or serious injury to others, *id.* § 3C1.2.

At the sentencing hearing, the district court found that the government proved that Pringle's conduct in fleeing from police recklessly created a substantial risk of death or serious harm to others and overruled his objection. It also overruled his objection to the enhancement for possession of a firearm in connection with another felony. It explained that the enhancement applied based on the quantity of drugs Pringle possessed, the drug paraphernalia, his denial of using illegal drugs, and the fact that two guns were found in close proximity to drugs and drug paraphernalia. U.S.S.G. § 2K2.1(b)(6)(B), comment. (n.14(B)). Alternatively, it explained that the enhancement applied because the guns facilitated or had the potential to facilitate either felony drug possession or felony grand theft of a motor vehicle. *Id.*, comment. (n.14(A)); *see* Fla. Stat. §§ 812.014(2)(c), 893.13(6)(a). The district court adopted the report and calculated a guidelines imprisonment range of 110 to 120 months.

The government requested a 120-month sentence. Pringle requested an 84-month sentence based on his acceptance of responsibility, his health issues, his childhood trauma, and his family support. The district court sentenced Pringle to 120 months of imprisonment, followed by 3 years of supervised release. It stated that it considered all of the statutory sentencing factors, 18 U.S.C. § 3553(a), including his difficult upbringing and health problems. But it stated that the offense was serious because it involved the possession of drugs in connection with firearms while operating a stolen vehicle, that his conduct and violent criminal history

established a lack of respect for the law, and that there was a need to protect the public and afford adequate deterrence.

In reviewing the decision to apply a sentencing enhancement, we review fact findings for clear error and the application of the law *de novo*. *United States v. Matchett*, 802 F.3d 1185, 1191 (11th Cir. 2015). We review a finding that a defendant possessed a gun in connection with another felony offense for clear error. *United States v. Martinez*, 964 F.3d 1329, 1333 (11th Cir. 2020). We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Oudomsine*, 57 F.4th 1262, 1266 (11th Cir. 2023).

The district court did not clearly err in imposing an enhancement for creating a substantial risk of death or serious bodily injury to another person. A defendant is eligible for a two-level increase to his offense level if he "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. We have held that "flight alone is insufficient to warrant an enhancement under" section 3C1.2. *United States v. Washington*, 434 F.3d 1265, 1267 (11th Cir. 2006) (citation and internal quotation marks omitted). In *Washington*, there was sufficient evidence for the district court to apply the section 3C1.2 enhancement when the defendant drove at a high speed where people were likely to be, even though the driver did not collide with anyone. *Id.* at 1268. Pringle recklessly created a substantial risk of death or harm to others when he fled at high speed and crashed into another car. *See id.* at 1267.

Pringle argues that the officer stopped pursuing him before he crashed, that the parking lot was empty, and that no one was injured. But that he crashed the car in an intersection where other drivers were likely to be after fleeing at high speed establishes that he created "a substantial risk that something could have gone wrong and someone could have died or been seriously injured." *Matchett*, 802 F.3d at 1198. It does not matter that no one was injured because he created a risk of serious injury. *See Washington*, 434 F.3d at 1268.

Pringle's reliance on *United States v. Cook* to argue the district court was required to make a specific finding that he caused the reckless behavior is misplaced. *Cook* stands for the proposition that a defendant cannot be liable for his co-conspirator's conduct without a finding that he actively caused the reckless conduct. 181 F.3d 1232, 1236 (11th Cir. 1999). As the driver, Pringle received the enhancement based on his own conduct. The district court did not clearly err in finding that he created a substantial risk of death or serious bodily injury to another person.

The district court also did not clearly err in imposing an enhancement for possessing a firearm in connection with another felony offense. A defendant is eligible for a four-level increase if he "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). A defendant possesses a firearm "in connection with another felony offense" if the firearm "facilitates, or has the potential of facilitating, the other offense." *United States v. Brooks*, 112 F.4th 937, 950 (11th Cir. 2024)

(internal quotation marks omitted). "When considering a firearm's *potential* use, there is a strong presumption that a defendant aware of the weapon's presence will think of using it if his illegal activities are threatened." *Id.* (citation and internal quotation marks omitted). A firearm may be used in connection with another felony offense "where the defendant *could have*—but did *not*—use the firearm to protect his criminal activity." *Id.* (citation and internal quotation marks omitted, alteration adopted).

Pringle does not deny that he engaged in felony drug possession and felony grand theft of a motor vehicle. Instead, he argues that he did not possess the firearms "in connection" with these offenses because the evidence did not establish that the firearms facilitated or had the potential to facilitate felony drug possession or grand theft of a motor vehicle. But no clear error occurred.

Pringle argues that under *United States v. Bishop*, "mere proximity between a firearm and drugs possessed for personal use cannot support the § 2K2.1(b)(6)(B) enhancement without a finding that the gun facilitated or had the potential to facilitate the defendant's drug possession." 940 F.3d 1242, 1252 (11th Cir. 2019). But the district court found that the guns facilitated or had the potential to facilitate felony drug possession and theft of the vehicle. And we may presume that because Pringle knowingly possessed the guns, he would have considered using them to protect his possession of the drugs and stolen car, regardless of whether he used them. *See Brooks*, 112 F.4th at 950. The guns were accessible to Pringle on the passenger floorboard, and one was loaded. Because we may affirm

based on the finding that Pringle possessed the firearms such that they facilitated or had the potential to facilitate felony drug possession or grand theft of a motor vehicle, we need not address Pringle's argument that the district court erred under *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (en banc), by relying on the Guidelines Commentary in finding that he was engaged in drug trafficking and the guns were found in close proximity to drugs.

The district court did not abuse its discretion in imposing a 120-month sentence. In reviewing whether a sentence is substantively reasonable, we consider the totality of the circumstances. *Oudomsine*, 57 F.4th at 1266. The weight given each statutory sentencing factor, 18 U.S.C. § 3553(a), is committed to the sound discretion of the district court. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1262–63 (11th Cir. 2015). We will vacate only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (citation and internal quotation marks omitted). We cannot say the district court committed a clear error in judgment in weighing the seriousness of Pringle's offense, his criminal history, his lack of respect for the law, and the need to protect the public and afford adequate deterrence more heavily than any mitigating evidence, *see Rosales-Bruno*, 789 F.3d at 1262–63, and imposing a sentence within the guideline range.

We **AFFIRM** Pringle's sentence.